SUSAN KOEHLER SULLIVAN, State Bar No. 156418
susan.sullivan@clydeco.us
TAMMY T. CHANG, State Bar No. 275588
tammy.chang@clydeco.us
CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone:   (415) 365-9800
Facsimile:   (415) 365-9801

Attorney for Defendants
ZURICH AMERICAN INSURANCE
COMPANY and AMERICAN GUARANTEE &
LIABILITY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGATRON TECHNOLOGY SERVICE, INC., an Indiana corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a New York corporation; and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No.<br><br>**[State Court Case No. 17CV321098, Santa Clara County, filed 12/27/2017]**<br><br>**NOTICE OF REMOVAL BY DEFENDANTS ZURICH AMERICAN INSURANCE COMPANY AND AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY**<br><br>**[28 U.S.C. § 1441(b) (Diversity)]**<br><br>FSC Date:       None Set<br>Trial Date:      None Set<br>Action Filed:   12/27/2017 |

Defendants ZURICH AMERICAN INSURANCE COMPANY ("Defendant Zurich") and AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY ("Defendant American Guarantee," collectively, "Defendants"), under 28 U.S.C. § 1441, *et seq.*, and expressly reserving all rights otherwise to respond to this lawsuit, remove this action filed under Case No. 17CV321098 in Santa Clara County, California, to the United States District Court for the Northern District of California.

## SUMMARY OF THE BASIS FOR REMOVAL

1. Defendants may remove this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

## PROCEDURAL HISTORY AND STATE COURT FILINGS

2. On or about December 27, 2017, plaintiff Pegatron Technology Service, Inc. ("Plaintiff") filed a Complaint for (1) Breach of Contract; (2) Insurance Bad Faith; and (3) Equitable Subrogation, Contribution, and Indemnity, in the Superior Court of the State of California, County of Santa Clara, naming Zurich American Insurance Company, American Guarantee & Liability Insurance Company, and Does 1 through 100 as defendants. Plaintiff alleges Defendants breached insurance policies they entered with Plaintiff by failing to defend and indemnify Plaintiff against a claim arising from an incident on January 14, 2016 (the "Incident"). Plaintiff also asserts a subrogation claim as an assignee of another insurer in connection with the Incident.

3. Defendants were served with Plaintiff's Complaint on February 5, 2018. A copy of Plaintiff's Summons and Complaint, together with the Service of Process Transmittals and Civil Lawsuit Notices for Defendants, are attached to this notice as Exhibit A (Defendant American) and Exhibit B (Defendant Zurich). Copies of the Proofs of Service also are attached to this notice as Exhibit C (Defendant American) and Exhibit D (Defendant Zurich).

4. Defendants have not yet filed responses to this Complaint.

## DIVERSITY OF CITIZENSHIP

5. Plaintiff is a corporation under the laws of the State of Indiana, with its principal place of business in the State of Indiana.

6. Defendant Zurich is a corporation under the laws of New York, with its principal place of business in the State of Illinois.

7. Defendant American Guarantee is a corporation under the laws of New York, with its principal place of business in the State of Illinois.

8. Accordingly, complete diversity exists.

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

9. Defendants assert that they neither breached the insurance policies issued to Plaintiff nor committed bad faith. However, the amount in controversy significantly exceeds $75,000. (*See* Declaration of Terese Kerrigan, attached hereto as Exhibit E, ¶ 4.) In the Complaint, Plaintiff prays for, among other things, compensatory damages, including but not limited to, coverage benefits and all damages caused by Defendants' conduct, such as attorneys' fees incurred pursuing recovery of damages for breach of contract, punitive damages, prejudgment interest, and costs of suit. The Complaint does not specifically allege a total amount in controversy.

10. Where a complaint is unclear about the amount of damages sought by the plaintiff, the notice of removal may assert the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(A)(ii); *Gaus v. Miles, Inc.* 980 F.2d 564, 566–67 (9th Cir. 1992). In the event that the plaintiff's damages are unspecified, removal will be upheld if the defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.* Consequently, courts may consider "facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).

11. The Ninth Circuit has held a defendant who supplies "an affidavit to show that the potential damages could exceed the jurisdictional amount" satisfies its burden of showing the amount in controversy exceeds the statutory amount. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). A copy of the Declaration Used to Prove the Amount in Controversy in *Lewis* is attached hereto as Exhibit F. The Ninth Circuit concluded "this showing satisfies [the defendant's] burden." *Lewis*, 627 F.3d at 397.

12. For the reasons noted below, Defendants submit they have established the jurisdictional amount by a preponderance of the evidence.

13. This lawsuit involves a dispute over whether the Incident is covered under three insurance policies: (a) commercial general liability policy number CPO 0181954-00; (b) private company select policy number MPL 0140517-01; and (c) commercial umbrella liability policy number AUC 0181968-00. (Complaint, Exh. A, ¶¶ 9–10, 20.) Plaintiff alleges the commercial general liability policy provided coverage up to $1,000,000 per personal injury offense; the private select policy provided coverage up to $1,000,000 per claim; and the commercial umbrella liability policy provided coverage up to $10,000,000 per personal injury offense. (Complaint, Exh. A, ¶ 10.)

14. Plaintiff alleges Jane Doe brought a claim against Plaintiff's Customer arising out of the Incident. (Complaint, Exh. A, ¶ .7) Thereafter, Plaintiff's Customer tendered a claim to Plaintiff seeking indemnification for the Incident. (Complaint, Exh. A, ¶ 8.)

15. On or about February 22, 2016, Plaintiff tendered its Customer's request for indemnification for the Incident to Defendants. (See Kerrigan Declaration, Exh. E, ¶ 2.)

16. In the meantime, Plaintiff's Customer and Jane Doe entered into a settlement of the Incident. (See Kerrigan Declaration, Exh. E, ¶ 3.)

17. After Customer's settlement of the Incident, Plaintiff and its Customer entered into a settlement where Plaintiff agreed to indemnify Customer for the Incident. (See Kerrigan Declaration, Exh. E, ¶ 3.)

18. The settlements concerning the Incident are confidential such that the parties cannot reveal the amount of the settlements. (*See* Kerrigan Declaration, Exh. E, ¶ 4.) Plaintiff references and confirms these confidentiality issues in its Complaint, including by not referring by name to the underlying claimant (Jane Doe) or its "Customer." (Complaint, Exh. A, ¶ 7.)

19. Plaintiff's lawsuit seeks monies for its settlement with its Customer arising from the Incident. The settlement amount far exceeds the required jurisdictional amount in controversy of $75,000. (Kerrigan Declaration, Exh. E, ¶ 4.)

20. In addition to the underlying settlement amount, plaintiff also seeks punitive damages and *Brandt* fees. (Complaint, Exh. A, Prayer ¶ 3.) A claim for attorneys' fees is included in determining the amount in controversy, regardless of whether the fee award is

mandatory or discretionary. *Galt G/X v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Conrad & Assoc. v. Hartford Accident and Indem. Co.*, 944 F. Supp. 1196, 1199 (N.D. Cal. 1998). Under California law, attorneys' fees incurred in obtaining contract benefits are an element of compensatory damages for the breach of implied covenant of good faith and fair dealing. *Brandt v. Superior Court*, 37 Cal. 3d 813, 815 (1985).

21. A claim for punitive damages may also be included in the amount in controversy if they are recoverable under applicable state law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Further, a claim for punitive damages, coupled with the absence of any binding representation that plaintiff is seeking less than the jurisdictional minimum, is sufficient to invoke diversity jurisdiction. *Id*. at 946.

22. Although Defendants deny Plaintiff is entitled to recover damages in any amount, based upon the above-referenced facts, Plaintiff's alleged claims seek in excess of $75,000. Accordingly, the amount in controversy exceeds $75,000.

## CONCLUSION

23. Removal is proper in this case because Defendants have established that (1) all parties to this action are diverse; and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

## ADDITIONAL PROCEDURAL MATTERS

24. Defendants have filed this Notice of Removal within 30 days of service of a copy of Plaintiff's Complaint. 28 U.S.C. § 1446(b).

25. A notice of the filing of this Notice of Removal will be filed with the State Court from which this action is removed.

26. There are no pending cases related to the State Court action.

27. Upon filing this Notice of Removal, Defendant will provide written notification to Plaintiff and will file a Notification of Filing of Notice Removal attaching a copy of this Notice of Removal with the Clerk of the Court for the Santa Clara Superior Court.

28. Copies of all process, pleadings, and orders from the State Action are being filed with this Notice. *See* Exhibits A and B.

29. For these reasons, this action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated: March 7, 2018            CLYDE & CO US LLP

By: _____
Susan Koehler Sullivan
Tammy T. Chang
Attorney for Defendants
ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY