# EXHIBIT B



# Notice of Service of Process

TV / ALL
Transmittal Number: 17728474
Date Processed: 02/06/2018

| | |
|---|---|
| **Primary Contact:** | Arnold D'Angelo<br>Zurich North America<br>1299 Zurich Way<br>Schaumburg, IL 60196-1056 |
| **Electronic copy provided to:** | Vicky Russell |
| **Entity:** | Zurich American Insurance Company<br>Entity ID Number  2746725 |
| **Entity Served:** | Zurich American Insurance Company |
| **Title of Action:** | Pegatron Technology Service Inc vs. Zurich American Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Santa Clara County Superior Court, California |
| **Case/Reference No:** | 17CV321098 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/05/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Alexander F Stuart<br>408-289-1972 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# SUMMONS
# (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZURICH AMERICAN INSURANCE COMPANY, a New York corporation;
AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a New York corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PEGATRON TECHNOLOGY SERVICE, INC., an Indiana corporation

ENDORSED
2017 DEC 27 PM 2:18
CLERK OF THE COURT
SUPERIOR COURT OF CA
S. Alvarez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* 7 CV 321 098

Santa Clara County Superior Court
191 N. First Street
San Jose, California 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ALEXANDER F. STUART, ESQ. 96141 WILLOUGHBY, STUART, BENING & COOK
50 W. San Fernando Street, Suite 400  408-289-1972
San Jose, CA 95113

DATE: DEC 27 2017     Clerk, by S. Alvarez, Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
   Zurich American Insurance Company, a New York corporation
3. ☑ on behalf of *(specify)*:
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 2/5/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB | Essential Forms
ceb.com

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

2633.13164S- Pegatron

ALEXANDER F. STUART- SBN 96141
ELLYN E. NESBIT- SBN 136398
SCOTT F. STUART- SBN 310710
**WILLOUGHBY, STUART, BENING & COOK**
50 W. San Fernando Street, Suite 400
San Jose, California 95113
Telephone: (408) 289-1972
Facsimile: (408) 295-6375
Email: alex@wsbclawyers.com

Attorneys for Plaintiff PEGATRON
TECHNOLOGY SERVICE, INC.

ENDORSED
2017 DEC 27 PM 2: 18
CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
S/ Alvarez          DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

**17CV321098**

| | |
|---|---|
| PEGATRON TECHNOLOGY SERVICE, INC., an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a New York corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>1. Breach of Insurance Contract<br>2. Insurance Bad Faith<br>3. Equitable Subrogation, Contribution and Indemnity<br><br>Unlimited Jurisdiction<br><br>JURY TRIAL DEMANDED<br><br>BY FAX |

COMES NOW PLAINTIFF PEGATRON TECHNOLOGY SERVICE, INC., and for causes of action against Defendants, and each of them, alleges as follows:

### PARTIES

1. Plaintiff Pegatron Technology Service, Inc. ("PTSI") is, and at all relevant times was, a corporation organized under the laws of the State of Indiana doing business as a technology services company in the County of Sacramento.

2633.13164S                                                         - 1 -

COMPLAINT FOR DAMAGES

2. Plaintiff is informed and believes and thereon alleges that Defendant Zurich American Insurance Company ("Zurich") is, and at all relevant times was, a corporation organized under the laws of New York doing business as a property and casualty insurer in the Counties of Sacramento and Santa Clara. Plaintiff is informed and believes and thereon alleges that Defendant Zurich is a member of the Zurich group of insurance companies.

3. Plaintiff is informed and believes and thereon alleges that Defendant American Guarantee is, and at all relevant times was, a corporation organized under the laws of New York doing business as a property and casualty insurer in the Counties of Sacramento and Santa Clara. Plaintiff is informed and believes and thereon alleges that Defendant American Guarantee also is a member of the Zurich group of insurance companies.

4. Plaintiff is ignorant of the true names and capacities of the persons sued as Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is a person or organization legally responsible for the losses and damages alleged in this Complaint, and Plaintiff reserves the right to amend this Complaint to set forth the trues names and capacities of the fictitiously named Defendants as they are ascertained.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times, each of the Defendants was an agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency with the permission and consent of its co-Defendants.

## VENUE

6. The proper county for the trial of this action is the County of Santa Clara in that the subject matter of this dispute arises from liabilities Defendants were required to defend in part in the County of Santa Clara; and the Defendants do business in the County of Santa Clara.

## FACTUAL ALLEGATIONS

### A. Underlying Claim

7. On or about January 14, 2016, a woman whose name is known to the Defendants but must be kept confidential in this pleading, suffered a publication of private information

2633.13164S                                                    -2-

COMPLAINT FOR DAMAGES

without her consent, resulting in a claim for personal injury against PTSI and a customer of PTSI whose name is known to the Defendants but must also be kept confidential in this pleading. For purposes of this complaint, the woman shall be referred to as "Jane Doe," and the customer shall be referred to as "Customer."

### B.   Customer's Tender of Defense to PTSI

8.   In or about February 2016, Customer tendered its defense and indemnity to PTSI under the terms of various service contracts between Customer and PTSI. Customer asserted that PTSI had a duty to defend and indemnify Customer against Jane Doe's claim for personal injury because it arose from services that PTSI had contracted to perform for Customer.

### C.   PTSI's Liability Policies with Zurich and American Guarantee

9.   At the time of the underlying personal injury and subsequent claims, PTSI had in effect three policies of liability insurance providing coverage for claims like those brought against PTSI by Jane Doe and Customer. Two policies were issued by Zurich to PTSI as named insured. One was issued by American Guarantee to PTSI as named insured.

10.   The Zurich policies were (a) a commercial general liability policy bearing policy no. CPO 0181954-00, and (b) a private company select policy bearing policy no. MPL 0140518-01. The American Guarantee policy was a commercial umbrella liability policy bearing policy no. AUC 0181968-00. The commercial general liability policy provided coverage up to $1 million per personal injury offense; the private company select policy provided coverage up to $1 million per claim; the commercial umbrella liability policy provided coverage up to $10 million per personal injury offense.

### D.   Tender of Defense to Zurich and American Guarantee

11.   Shortly following Customer's tender of defense, PTSI tendered its own defense (including the obligation to defend and indemnify Customer) to Zurich and American Guarantee. On or about March 28, 2016, Zurich wrongfully denied defense and coverage under its private company select policy, and on or about April 7, 2016, Zurich wrongfully denied defense and coverage under its commercial general liability policy. On or about April 27, 2016, American Guarantee wrongfully denied defense and coverage under its commercial umbrella liability

2633.13164S                                                - 3 -

policy. The wrongful denials constitute breaches of the duty to defend and indemnify owed by each insurer under their respective policies.

### E. Customer's Settlements with Jane Doe and PTSI

12. On or about June 13, 2016, Customer entered into a settlement agreement with Jane Doe following a binding mediation of Jane Doe's claim which occurred on March 22, 2016, and during which the mediator had made a binding determination of the amount of Jane Doe's damages. In conjunction with the settlement, Customer demanded that PTSI provide full indemnification of the settlement amount.

13. On or about July 15, 2016, PTSI entered into a settlement agreement with Customer by which PTSI promised to indemnify Customer against the obligation to pay the settlement amount to Jane Doe, and in exchange for which Customer agreed to waive its right to reimbursement of attorney's fees and costs incurred by Customer in the defense of Jane Doe's claim.

### F. Zurich and American Guarantee Reaffirm Denials of Coverage

14. Following the settlements with Jane Doe and Customer, Zurich and American Guarantee each reaffirmed their denials of coverage, claiming there was no duty to defend or indemnify PTSI against any of the claims Jane Doe or Customer alleged.

### G. Assignment of Rights from Chubb

15. At the time of the underlying personal injury, PTSI also had in effect a policy of commercial umbrella liability insurance with Insurance Company of North America, a member of the Chubb group of insurance companies. For purposes of this complaint, Insurance Company of North America shall be referred to as Chubb. The policy was excess to all policies of liability insurance available to PTSI as a named insured.

16. On or about September 15, 2017, following a mediation with Chubb, PTSI entered into an agreement with Chubb by which PTSI and Chubb mutually released each other, and by which Chubb assigned to PTSI all of its rights to recover amounts expended in defense and/or indemnification of PTSI.

H. **Amounts in Controversy**

17. The amounts PTSI seeks from Zurich and American Guarantee are within the unlimited jurisdiction of the Superior Court.

## FIRST CAUSE OF ACTION
### (Breach of Insurance Contract against All Defendants)

18. Plaintiff PTSI realleges and incorporates by reference each and every allegation of paragraphs 1 through 17, above, as though fully set forth herein.

19. Plaintiff has satisfied all the conditions of the Zurich and American Guarantee policies to receive full benefits due, excepting only those conditions which are excused by Defendants' breaches of duty as more specifically alleged above.

20. Defendants, and each of them, have breached their contractual obligations to Plaintiff by wrongfully refusing to defend and indemnify Jane Doe's claim, which was potentially covered by each of their policies and actually covered by each of their policies.

21. As a direct and proximate result of Defendants' breaches of their contractual obligations, Plaintiff has suffered damages in an amount to be proved at the time of trial.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Insurance Bad Faith against All Defendants)

22. Plaintiff PTSI realleges and incorporates by reference each and every allegation of paragraphs 1 through 21, above, as though fully set forth herein.

23. Each of the Defendants' policies contains an implied covenant of good faith and fair dealing, whereby Defendants agreed to act in good faith and deal fairly with Plaintiffs, and to refrain from taking any action which would interfere with Plaintiff's rights under the policies.

24. Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff by unreasonably, oppressively, and without proper cause: (a) withholding benefits due under the policies; (b) engaging in a self-serving interpretation of the policies' coverage; (c) engaging in a self-serving interpretation of the facts to support their

denials of defense and indemnity; (d) forcing Plaintiff to incur expenses to perform Defendants' own duties of investigation; and (e) forcing Plaintiff to institute litigation to recover amounts due under the policies.

25. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages in an amount to be proved at the time of trial.

26. As a further direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has been compelled to incur attorney's fees and other expenses to pursue its right to insurance benefits under the policies, causing Plaintiff to suffer further loss in an amount to be proved at the time of trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intentionally engaged in a course of conduct which was intended or expected to injure Plaintiff, in conscious disregard of Plaintiff's right to receive the insurance benefits due under the policies as alleged in this complaint. Plaintiff is informed and believes and thereon alleges that these acts were willful, despicable, oppressive and/or fraudulent as contemplated by California Civil Code section 3294, and that all were done with the knowledge, approval and ratification of Defendants, and each of them, by or through their managerial agents. In order to deter such conduct by Defendants, and each of them, in the future, and to prevent repetition of such conduct as a practice, Plaintiff prays for exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Equitable Contribution, Subrogation and Indemnity against All Defendants)

28. Plaintiff PTSI realleges and incorporates by reference each and every allegation of paragraphs 1 through 27, above, as though fully set forth herein.

29. Chubb has assigned to PTSI all of its rights to pursue equitable subrogation, contribution and/or indemnity against Defendants, and each of them, with respect to defense and indemnification of Jane Doe's and Customer's claims.

30. As assignee of Chubb's rights, PTSI seeks reimbursement of amounts Chubb has paid in defense and/or indemnification of PTSI.

31. Zurich and American Guarantee owed a primary obligation to defend and indemnify PTSI; Chubb's obligations were excess to those of Zurich and American Guarantee.

32. By reason of the wrongful failure of Zurich and American Guarantee to defend and indemnify PTSI against the claims of Jane Doe and Customer, PTSI, as Chubb's assignee, has been damaged in an amount to be proved at the time of trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

### PRAYER

Plaintiff PTSI prays for judgment against Defendants, and each of them, as follows:

1. For contract benefits within the unlimited jurisdiction of the Superior Court in an amount to be proved at trial;

2. For attorney's fees and other expenses incurred to obtain benefits wrongfully denied under the Zurich and American Guarantee policies;

3. For punitive damages in an amount to punish or make an example of Defendants' conduct;

4. For prejudgment and post-judgment interest allowed by law;

5. For equitable subrogation, contribution and indemnity of amounts paid by Chubb in defense and/or indemnification of PTSI;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

Dated: December 27, 2017            WILLOUGHBY, STUART, BENING & COOK

By: _____
ALEXANDER F. STUART
Attorneys for Plaintiff
PEGATRON TECHNOLOGY SERVICE, INC.

2633.13164S                                                       -7-

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff PEGATRON TEHCNOLOGY SERVICE, INC. hereby demands a trial by jury in this action.

Dated: December 27, 2017       WILLOUGHBY, STUART, BENING & COOK

By: _____
ALEXANDER F. STUART
Attorneys for Plaintiff
PEGATRON TECHNOLOGY SERVICE, INC.

2633.13164S                                           - 8 -

COMPLAINT FOR DAMAGES

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE

Superior Court of California, County of Santa Clara
191 North First St., San José, CA 95113

CASE NUMBER: __17CV321098__

### PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. **You must file a written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courts.ca.gov/forms.htm and www.courts.ca.gov/rules.htm
- Local Rules and Forms: www.scscourt.org

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: _____James L. Stoelker_____ Department: __13__

The 1st CMC is scheduled for: (Completed by Clerk of Court)
    Date: __04/17/18__ Time: __2:15pm__ in Department: __13__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
    Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What Is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

---

CV-5003 REV 6/26/13   ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

---

CV-5003 REV 6/26/13    ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION