# EXHIBIT 1

1  SUSAN KOEHLER SULLIVAN, State Bar No. 156418
   susan.sullivan@clydeco.us
2  TAMMY T. CHANG, State Bar No. 275588
   tammy.chang@clydeco.us
3  CLYDE & CO US LLP
   633 West 5th Street, 26th Floor
4  Los Angeles, California 90071
   Telephone:   (415) 365-9800
5  Facsimile:    (415) 365-9801

6  Attorney for Defendants
   ZURICH AMERICAN INSURANCE
7  COMPANY and AMERICAN GUARANTEE &
   LIABILITY INSURANCE COMPANY

8

E-FILED
3/8/2018 10:18 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV321098
Reviewed By: S. Alvarez
Envelope: 1290226

9        IN THE SUPERIOR COURT OF CALIFORNIA

10      IN AND FOR THE COUNTY OF SANTA CLARA

11

12  PEGATRON TECHNOLOGY SERVICE,      Case No. 17CV321098
    INC., an Indiana corporation,
13                                    NOTICE TO PLAINTIFF PEGATRON
              Plaintiff,              TECHNOLOGY SERVICE, INC. AND TO
14                                    THE STATE COURT OF REMOVAL OF
         v.                           ACTION
15
    ZURICH AMERICAN INSURANCE
16  COMPANY, a New York corporation;
    AMERICAN GUARANTEE & LIABILITY
17  INSURANCE COMPANY, a New York
    corporation; and DOES 1 through 100,
18  inclusive,

19            Defendants.
                                      Action Filed:     12/27/2017
20

21

22

23      TO PLAINTIFF AND THEIR ATTORNEY OF RECORD AND TO THE ABOVE-

24  ENTITLED COURT:

25      PLEASE BE ADVISED THAT the attached Exhibit A, "Notice of Removal Under 28

26  U.S.C. § 1441(b) (Diversity)," has been filed in the United States District Court for the Northern

27  District of California.

28

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

1 | Dated: March 8, 2018                      CLYDE & CO US LLP

2

3

4                                            By: _____

5                                                Susan Koehler Sullivan
                                                 Tammy T. Chang
6                                                Attorney for Defendants
                                                 ZURICH AMERICAN INSURANCE
7                                                COMPANY and AMERICAN GUARANTEE &
                                                 LIABILITY INSURANCE COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

3594159                          2                    Case No. 17cv321098

# EXHIBIT "A"

1  SUSAN KOEHLER SULLIVAN, State Bar No. 156418
   susan.sullivan@clydeco.us
2  TAMMY T. CHANG, State Bar No. 275588
   tammy.chang@clydeco.us
3  CLYDE & CO US LLP
   633 West 5th Street, 26th Floor
4  Los Angeles, California 90071
   Telephone:    (415) 365-9800
5  Facsimile:    (415) 365-9801

6  Attorney for Defendants
   ZURICH AMERICAN INSURANCE
7  COMPANY and AMERICAN GUARANTEE &
   LIABILITY INSURANCE COMPANY

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11
   PEGATRON TECHNOLOGY SERVICE,          Case No.
12 INC., an Indiana corporation,
                                         **[State Court Case No. 17CV321098, Santa**
13            Plaintiff,                 **Clara County, filed 12/27/2017]**

14       v.                              **NOTICE OF REMOVAL BY**
                                         **DEFENDANTS ZURICH AMERICAN**
15 ZURICH AMERICAN INSURANCE             **INSURANCE COMPANY AND**
   COMPANY, a New York corporation;      **AMERICAN GUARANTEE & LIABILITY**
16 AMERICAN GUARANTEE & LIABILITY        **INSURANCE COMPANY**
   INSURANCE COMPANY, a New York
17 corporation; and DOES 1 through 100,  **[28 U.S.C. § 1441(b) (Diversity)]**
   inclusive,
18                                       FSC Date:      None Set
              Defendants.               Trial Date:    None Set
19                                       Action Filed:  12/27/2017

20

21       Defendants ZURICH AMERICAN INSURANCE COMPANY ("Defendant Zurich") and

22 AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY ("Defendant American

23 Guarantee," collectively, "Defendants"), under 28 U.S.C. § 1441, *et seq.*, and expressly reserving

24 all rights otherwise to respond to this lawsuit, remove this action filed under Case No.

25 17CV321098 in Santa Clara County, California, to the United States District Court for the

26 Northern District of California.

27

28

*(Left margin vertical text:)* CLYDE & CO US LLP / 633 West 5th Street, 26th Floor / Los Angeles, California 90071 / Telephone: (415) 365-9800

## SUMMARY OF THE BASIS FOR REMOVAL

1.    Defendants may remove this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

## PROCEDURAL HISTORY AND STATE COURT FILINGS

2.    On or about December 27, 2017, plaintiff Pegatron Technology Service, Inc. ("Plaintiff") filed a Complaint for (1) Breach of Contract; (2) Insurance Bad Faith; and (3) Equitable Subrogation, Contribution, and Indemnity, in the Superior Court of the State of California, County of Santa Clara, naming Zurich American Insurance Company, American Guarantee & Liability Insurance Company, and Does 1 through 100 as defendants. Plaintiff alleges Defendants breached insurance policies they entered with Plaintiff by failing to defend and indemnify Plaintiff against a claim arising from an incident on January 14, 2016 (the "Incident"). Plaintiff also asserts a subrogation claim as an assignee of another insurer in connection with the Incident.

3.    Defendants were served with Plaintiff's Complaint on February 5, 2018. A copy of Plaintiff's Summons and Complaint, together with the Service of Process Transmittals and Civil Lawsuit Notices for Defendants, are attached to this notice as Exhibit A (Defendant American) and Exhibit B (Defendant Zurich). Copies of the Proofs of Service also are attached to this notice as Exhibit C (Defendant American) and Exhibit D (Defendant Zurich).

4.    Defendants have not yet filed responses to this Complaint.

## DIVERSITY OF CITIZENSHIP

5.    Plaintiff is a corporation under the laws of the State of Indiana, with its principal place of business in the State of Indiana.

6.    Defendant Zurich is a corporation under the laws of New York, with its principal place of business in the State of Illinois.

7.    Defendant American Guarantee is a corporation under the laws of New York, with its principal place of business in the State of Illinois.

8.    Accordingly, complete diversity exists.

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

3585129                                    2                                    Case No.

## **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

9.      Defendants assert that they neither breached the insurance policies issued to Plaintiff nor committed bad faith.  However, the amount in controversy significantly exceeds $75,000.  (*See* Declaration of Terese Kerrigan, attached hereto as Exhibit E, ¶ 4.)  In the Complaint, Plaintiff prays for, among other things, compensatory damages, including but not limited to, coverage benefits and all damages caused by Defendants' conduct, such as attorneys' fees incurred pursuing recovery of damages for breach of contract, punitive damages, prejudgment interest, and costs of suit.  The Complaint does not specifically allege a total amount in controversy.

10.      Where a complaint is unclear about the amount of damages sought by the plaintiff, the notice of removal may assert the jurisdictional minimum.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii); *Gaus v. Miles, Inc.* 980 F.2d 564, 566–67 (9th Cir. 1992).  In the event that the plaintiff's damages are unspecified, removal will be upheld if the defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  *Id.*  Consequently, courts may consider "facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).

11.      The Ninth Circuit has held a defendant who supplies "an affidavit to show that the potential damages could exceed the jurisdictional amount" satisfies its burden of showing the amount in controversy exceeds the statutory amount.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010).  A copy of the Declaration Used to Prove the Amount in Controversy in *Lewis* is attached hereto as Exhibit F.  The Ninth Circuit concluded "this showing satisfies [the defendant's] burden."  *Lewis*, 627 F.3d at 397.

12.      For the reasons noted below, Defendants submit they have established the jurisdictional amount by a preponderance of the evidence.

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

13.     This lawsuit involves a dispute over whether the Incident is covered under three insurance policies:  (a) commercial general liability policy number CPO 0181954-00; (b) private company select policy number MPL 0140517-01; and (c) commercial umbrella liability policy number AUC 0181968-00.  (Complaint, Exh. A, ¶¶ 9–10, 20.)  Plaintiff alleges the commercial general liability policy provided coverage up to $1,000,000 per personal injury offense; the private select policy provided coverage up to $1,000,000 per claim; and the commercial umbrella liability policy provided coverage up to $10,000,000 per personal injury offense.  (Complaint, Exh. A, ¶ 10.)

14.     Plaintiff alleges Jane Doe brought a claim against Plaintiff's Customer arising out of the Incident.  (Complaint, Exh. A, ¶ .7)  Thereafter, Plaintiff's Customer tendered a claim to Plaintiff seeking indemnification for the Incident.  (Complaint, Exh. A, ¶ 8.)

15.     On or about February 22, 2016, Plaintiff tendered its Customer's request for indemnification for the Incident to Defendants.  (See Kerrigan Declaration, Exh. E, ¶ 2.)

16.     In the meantime, Plaintiff's Customer and Jane Doe entered into a settlement of the Incident.  (See Kerrigan Declaration, Exh. E, ¶ 3.)

17.     After Customer's settlement of the Incident, Plaintiff and its Customer entered into a settlement where Plaintiff agreed to indemnify Customer for the Incident.  (See Kerrigan Declaration, Exh. E, ¶ 3.)

18.     The settlements concerning the Incident are confidential such that the parties cannot reveal the amount of the settlements.  (*See* Kerrigan Declaration, Exh. E, ¶ 4.)  Plaintiff references and confirms these confidentiality issues in its Complaint, including by not referring by name to the underlying claimant (Jane Doe) or its "Customer."  (Complaint, Exh. A, ¶ 7.)

19.     Plaintiff's lawsuit seeks monies for its settlement with its Customer arising from the Incident.  The settlement amount far exceeds the required jurisdictional amount in controversy of $75,000.  (Kerrigan Declaration, Exh. E, ¶ 4.)

20.     In addition to the underlying settlement amount, plaintiff also seeks punitive damages and *Brandt* fees.  (Complaint, Exh. A, Prayer ¶ 3.)  A claim for attorneys' fees is included in determining the amount in controversy, regardless of whether the fee award is

1  mandatory or discretionary. *Galt G/X v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir.

2  1998); *Conrad & Assoc. v. Hartford Accident and Indem. Co.*, 944 F. Supp. 1196, 1199 (N.D. Cal.

3  1998). Under California law, attorneys' fees incurred in obtaining contract benefits are an element

4  of compensatory damages for the breach of implied covenant of good faith and fair dealing.

5  *Brandt v. Superior Court*, 37 Cal. 3d 813, 815 (1985).

6       21.    A claim for punitive damages may also be included in the amount in controversy if

7  they are recoverable under applicable state law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th

8  Cir. 2001). Further, a claim for punitive damages, coupled with the absence of any binding

9  representation that plaintiff is seeking less than the jurisdictional minimum, is sufficient to invoke

10  diversity jurisdiction. *Id.* at 946.

11      22.    Although Defendants deny Plaintiff is entitled to recover damages in any amount,

12  based upon the above-referenced facts, Plaintiff's alleged claims seek in excess of $75,000.

13  Accordingly, the amount in controversy exceeds $75,000.

## CONCLUSION

15      23.    Removal is proper in this case because Defendants have established that (1) all

16  parties to this action are diverse; and (2) the amount in controversy exceeds $75,000. *See* 28

17  U.S.C. § 1332.

## ADDITIONAL PROCEDURAL MATTERS

19      24.    Defendants have filed this Notice of Removal within 30 days of service of a copy

20  of Plaintiff's Complaint. 28 U.S.C. § 1446(b).

21      25.    A notice of the filing of this Notice of Removal will be filed with the State Court

22  from which this action is removed.

23      26.    There are no pending cases related to the State Court action.

24      27.    Upon filing this Notice of Removal, Defendant will provide written notification to

25  Plaintiff and will file a Notification of Filing of Notice Removal attaching a copy of this Notice of

26  Removal with the Clerk of the Court for the Santa Clara Superior Court.

27      28.    Copies of all process, pleadings, and orders from the State Action are being filed

28  with this Notice. *See* Exhibits A and B.

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

1    29.    For these reasons, this action may be removed to this Court under 28 U.S.C. §§

2  1441 and 1446.

3

4  Dated: March 7, 2018                    CLYDE & CO US LLP

5

6

                                   By: _____

7                                        Susan Koehler Sullivan
                                         Tammy T. Chang
8                                        Attorney for Defendants
                                         ZURICH AMERICAN INSURANCE
9                                        COMPANY and AMERICAN GUARANTEE &
                                         LIABILITY INSURANCE COMPANY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

3585129                          6                          Case No.

# EXHIBIT A



# Notice of Service of Process

**A3M / ALL**
**Transmittal Number: 17730827**
**Date Processed: 02/06/2018**

| | |
|---|---|
| **Primary Contact:** | Arnold D'Angelo<br>Zurich North America<br>1299 Zurich Way<br>Schaumburg, IL 60196-1056 |
| **Electronic copy provided to:** | Vicky Russell |

| | |
|---|---|
| **Entity:** | American Guarantee and Liability Insurance Company<br>Entity ID Number 2746713 |
| **Entity Served:** | American Guarantee & Liability Insurance Company |
| **Title of Action:** | Pegatron Technology Service, Inc. vs. Zurich American Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Santa Clara County Superior Court, California |
| **Case/Reference No:** | 17CV321098 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/05/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Alexander F. Stuart<br>408-289-1972 |

**Notes:**     The copy matches the original as it was received.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**SUMMONS**
*(CITACIÓN JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZURICH AMERICAN INSURANCE COMPANY, a New York corporation;
AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a New York
corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PEGATRON TECHNOLOGY SERVICE, INC., an Indiana
corporation

ENDORSED

2017 DEC 27  PM 2: 18

CLERK OF THE COURT
SUPERIOR COURT OF CA
C.O: S. Alvarez

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER:
*(Número del Caso):*
7 C V 3 2 1 0 9 8

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 N. First Street
San Jose, California 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ALEXANDER F. STUART, ESQ. 96141 WILLOUGHBY, STUART, BENING & COOK
50 W. San Fernando Street, Suite 400 408-289-1972
San Jose, CA 95113

DATE:                    DEC 27 2017       Clerk, by       S. Alvarez                    , Deputy
*(Fecha)*                                  *(Secretario)*                                 *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
   American Guarantee & Liability
   Insurance Company, a New York
   corporation
3. ☑ on behalf of (specify):
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date): 2/5/18

[SEAL]

SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB® Essential Forms
ceb.com

2633.13164S- Pegatron

1 | ALEXANDER F. STUART- SBN 96141
ELLYN E. NESBIT- SBN 136398
2 | SCOTT F. STUART- SBN 310710
**WILLOUGHBY, STUART, BENING & COOK**
3 | 50 W. San Fernando Street, Suite 400
San Jose, California 95113
4 | Telephone: (408) 289-1972
Facsimile: (408) 295-6375
5 | Email: alex@wsbclawyers.com

6 | Attorneys for Plaintiff PEGATRON
TECHNOLOGY SERVICE, INC.
7

ENDORSED

2017 DEC 27  PM 2: 18

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
S. Alvarez                DEPUTY

8 |        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |           IN AND FOR THE COUNTY OF SANTA CLARA

10 |                                                    **17CV321098**

11 | PEGATRON TECHNOLOGY SERVICE,      Case No.:
INC.,  an Indiana corporation,
12 |
                 Plaintiff,             **COMPLAINT FOR DAMAGES**
13 |
      vs.                              1. Breach of Insurance Contract
14 |                                    2. Insurance Bad Faith
                                        3. Equitable Subrogation,
15 | ZURICH AMERICAN INSURANCE             Contribution and Indemnity
COMPANY, a New York corporation;
16 | AMERICAN GUARANTEE & LIABILITY
INSURANCE COMPANY, a New York
17 | corporation; and DOES 1 through 100,   Unlimited Jurisdiction
inclusive,
18 |                                     **JURY TRIAL DEMANDED**
                 Defendants.
19 |                                     BY FAX

20

21

22 |       OMES NOW PLAINTIFF PEGATRON TECHNOLOGY SERVICE, INC., and for

23 | causes of action against Defendants, and each of them, alleges as follows:

24 |                          <u>PARTIES</u>

25 |       1.      Plaintiff Pegatron Technology Service, Inc. "(PTSI") is, and at all relevant times

26 | was, a corporation organized under the laws of the State of Indiana doing business as a

27 | technology services company in the County of Sacramento.

28

2633.13164S                           - 1 -

2.      Plaintiff is informed and believes and thereon alleges that Defendant Zurich American Insurance Company ("Zurich") is, and at all relevant times was, a corporation organized under the laws of New York doing business as a property and casualty insurer in the Counties of Sacramento and Santa Clara.  Plaintiff is informed and believes and thereon alleges that Defendant Zurich is a member of the Zurich group of insurance companies.

3.      Plaintiff is informed and believes and thereon alleges that Defendant American Guarantee is, and at all relevant times was, a corporation organized under the laws of New York doing business as a property and casualty insurer in the Counties of Sacramento and Santa Clara. Plaintiff is informed and believes and thereon alleges that Defendant American Guarantee also is a member of the Zurich group of insurance companies.

4.      Plaintiff is ignorant of the true names and capacities of the persons sued as Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is a person or organization legally responsible for the losses and damages alleged in this Complaint, and Plaintiff reserves the right to amend this Complaint to set forth the trues names and capacities of the fictitiously named Defendants as they are ascertained.

5.      Plaintiff is informed and believes and thereon alleges that at all relevant times, each of the Defendants was an agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency with the permission and consent of its co-Defendants.

## VENUE

6.      The proper county for the trial of this action is the County of Santa Clara in that the subject matter of this dispute arises from liabilities Defendants were required to defend in part in the County of Santa Clara; and the Defendants do business in the County of Santa Clara.

## FACTUAL ALLEGATIONS

A.   **Underlying Claim**

7.      On or about January 14, 2016, a woman whose name is known to the Defendants but must be kept confidential in this pleading, suffered a publication of private information

2633.13164S

1    without her consent, resulting in a claim for personal injury against PTSI and a customer of PTSI

2    whose name is known to the Defendants but must also be kept confidential in this pleading.  For

3    purposes of this complaint, the woman shall be referred to as "Jane Doe," and the customer shall

4    be referred to as "Customer."

5        **B.**    <u>Customer's Tender of Defense to PTSI</u>

6        8.    In or about February 2016, Customer tendered its defense and indemnity to PTSI

7    under the terms of various service contracts between Customer and PTSI.  Customer asserted that

8    PTSI had a duty to defend and indemnify Customer against Jane Doe's claim for personal injury

9    because it arose from services that PTSI had contracted to perform for Customer.

10        **C.**    <u>PTSI's Liability Policies with Zurich and American Guarantee</u>

11        9.    At the time of the underlying personal injury and subsequent claims, PTSI had in

12    effect three policies of liability insurance providing coverage for claims like those brought against

13    PTSI by Jane Doe and Customer.  Two policies were issued by Zurich to PTSI as named insured.

14    One was issued by American Guarantee to PTSI as named insured.

15        10.    The Zurich policies were (a) a commercial general liability policy bearing policy

16    no. CPO 0181954-00, and (b) a private company select policy bearing policy no. MPL 0140518-

17    01.  The American Guarantee policy was a commercial umbrella liability policy bearing policy

18    no. AUC 0181968-00.  The commercial general liability policy provided coverage up to $1

19    million per personal injury offense; the private company select policy provided coverage up to $1

20    million per claim; the commercial umbrella liability policy provided coverage up to $10 million

21    per personal injury offense.

22        **D.**    <u>Tender of Defense to Zurich and American Guarantee</u>

23        11.    Shortly following Customer's tender of defense, PTSI tendered its own defense

24    (including the obligation to defend and indemnify Customer) to Zurich and American Guarantee.

25    On or about March 28, 2016, Zurich wrongfully denied defense and coverage under its private

26    company select policy, and on or about April 7, 2016, Zurich wrongfully denied defense and

27    coverage under its commercial general liability policy.  On or about April 27, 2016, American

28    Guarantee wrongfully denied defense and coverage under its commercial umbrella liability

2633.13164S

-3-

WILLOUGHBY, STUART, BENING & COOK

1    policy. The wrongful denials constitute breaches of the duty to defend and indemnify owed by

2    each insurer under their respective policies.

3          E.    **Customer's Settlements with Jane Doe and PTSI**

4          12.   On or about June 13, 2016, Customer entered into a settlement agreement with

5    Jane Doe following a binding mediation of Jane Doe's claim which occurred on March 22, 2016,

6    and during which the mediator had made a binding determination of the amount of Jane Doe's

7    damages. In conjunction with the settlement, Customer demanded that PTSI provide full

8    indemnification of the settlement amount.

9          13.   On or about July 15, 2016, PTSI entered into a settlement agreement with

10   Customer by which PTSI promised to indemnify Customer against the obligation to pay the

11   settlement amount to Jane Doe, and in exchange for which Customer agreed to waive its right to

12   reimbursement of attorney's fees and costs incurred by Customer in the defense of Jane Doe's

13   claim.

14         F.    **Zurich and American Guarantee Reaffirm Denials of Coverage**

15         14.   Following the settlements with Jane Doe and Customer, Zurich and American

16   Guarantee each reaffirmed their denials of coverage, claiming there was no duty to defend or

17   indemnify PTSI against any of the claims Jane Doe or Customer alleged.

18         G.    **Assignment of Rights from Chubb**

19         15.   At the time of the underlying personal injury, PTSI also had in effect a policy of

20   commercial umbrella liability insurance with Insurance Company of North America, a member of

21   the Chubb group of insurance companies. For purposes of this complaint, Insurance Company of

22   North America shall be referred to as Chubb. The policy was excess to all policies of liability

23   insurance available to PTSI as a named insured.

24         16.   On or about September 15, 2017, following a mediation with Chubb, PTSI entered

25   into an agreement with Chubb by which PTSI and Chubb mutually released each other, and by

26   which Chubb assigned to PTSI all of its rights to recover amounts expended in defense and/or

27   indemnification of PTSI.

28

WILLOUGHBY, STUART, BENING & COOK

2633.13164S                                    -4-

**H.**  **Amounts in Controversy**

17.    The amounts PTSI seeks from Zurich and American Guarantee are within the unlimited jurisdiction of the Superior Court.

## FIRST CAUSE OF ACTION
### (Breach of Insurance Contract against All Defendants)

18.    Plaintiff PTSI realleges and incorporates by reference each and every allegation of paragraphs 1 through 17, above, as though fully set forth herein.

19.    Plaintiff has satisfied all the conditions of the Zurich and American Guarantee policies to receive full benefits due, excepting only those conditions which are excused by Defendants' breaches of duty as more specifically alleged above.

20.    Defendants, and each of them, have breached their contractual obligations to Plaintiff by wrongfully refusing to defend and indemnify Jane Doe's claim, which was potentially covered by each of their policies and actually covered by each of their policies.

21.    As a direct and proximate result of Defendants' breaches of their contractual obligations, Plaintiff has suffered damages in an amount to be proved at the time of trial.

WHEREFORE, Plaintiff s pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Insurance Bad Faith against All Defendants)

22.    Plaintiff PTSI realleges and incorporates by reference each and every allegation of paragraphs 1 through 21, above, as though fully set forth herein.

23.    Each of the Defendants' policies contains an implied covenant of good faith and fair dealing, whereby Defendants agreed to act in good faith and deal fairly with Plaintiffs, and to refrain from taking any action which would interfere with Plaintiff's rights under the policies.

24.    Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff by unreasonably, oppressively, and without proper cause: (a) withholding benefits due under the policies; (b) engaging in a self-serving interpretation of the policies' coverage; (c) engaging in a self-serving interpretation of the facts to support their

2633.13164S

- 5 -

WILLOUGHBY, STUART, BENING & COOK

1   denials of defense and indemnity; (d) forcing Plaintiff to incur expenses to perform Defendants'

2   own duties of investigation; and (e) forcing Plaintiff to institute litigation to recover amounts due

3   under the policies.

4        25.    As a direct and proximate result of Defendants' breach of the implied covenant of

5   good faith and fair dealing, Plaintiff has suffered damages in an amount to be proved at the time

6   of trial.

7        26.    As a further direct and proximate result of Defendants' breach of the implied

8   covenant of good faith and fair dealing, Plaintiff has been compelled to incur attorney's fees and

9   other expenses to pursue its right to insurance benefits under the policies, causing Plaintiff to

10  suffer further loss in an amount to be proved at the time of trial.

11       27.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of

12  them, intentionally engaged in a course of conduct which was intended or expected to injure

13  Plaintiff, in conscious disregard of Plaintiff's right to receive the insurance benefits due under the

14  policies as alleged in this complaint.  Plaintiff is informed and believes and thereon alleges that

15  these acts were willful, despicable, oppressive and/or fraudulent as contemplated by California

16  Civil Code section 3294, and that all were done with the knowledge, approval and ratification of

17  Defendants, and each of them, by or through their managerial agents.  In order to deter such

18  conduct by Defendants, and each of them, in the future, and to prevent repetition of such conduct

19  as a practice, Plaintiff prays for exemplary and punitive damages.

20       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

21                    **THIRD CAUSE OF ACTION**
22       **(Equitable Contribution, Subrogation and Indemnity against All Defendants)**

23       28.    Plaintiff PTSI realleges and incorporates by reference each and every allegation of

24  paragraphs 1 through 27, above, as though fully set forth herein.

25       29.    Chubb has assigned to PTSI all of its rights to pursue equitable subrogation,

26  contribution and/or indemnity against Defendants, and each of them, with respect to defense and

27  indemnification of Jane Doe's and Customer's claims.

28

2633.13164S                              - 6 -

30.    As assignee of Chubb's rights, PTSI seeks reimbursement of amounts Chubb has paid in defense and/or indemnification of PTSI.

31.    Zurich and American Guarantee owed a primary obligation to defend and indemnify PTSI; Chubb's obligations were excess to those of Zurich and American Guarantee.

32.    By reason of the wrongful failure of Zurich and American Guarantee to defend and indemnify PTSI against the claims of Jane Doe and Customer, PTSI, as Chubb's assignee, has been damaged in an amount to be proved at the time of trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

### PRAYER

Plaintiff PTSI prays for judgment against Defendants, and each of them, as follows:

1.    For contract benefits within the unlimited jurisdiction of the Superior Court in an amount to be proved at trial;

2.    For attorney's fees and other expenses incurred to obtain benefits wrongfully denied under the Zurich and American Guarantee policies;

3.    For punitive damages in an amount to punish or make an example of Defendants' conduct;

4.    For prejudgment and post-judgment interest allowed by law;

5.    For equitable subrogation, contribution and indemnity of amounts paid by Chubb in defense and/or indemnification of PTSI;

6.    For costs of suit incurred herein; and

7.    For such other and further relief as the Court deems just and proper.

Dated: December 27, 2017                WILLOUGHBY, STUART, BENING & COOK

By:_____
ALEXANDER F. STUART
Attorneys for Plaintiff
PEGATRON TECHNOLOGY SERVICE,
INC.

## DEMAND FOR JURY TRIAL

Plaintiff PEGATRON TEHCNOLOGY SERVICE, INC. hereby demands a trial by jury in this action.

Dated: December 27, 2017                WILLOUGHBY, STUART, BENING & COOK

By: _____
ALEXANDER F. STUART
Attorneys for Plaintiff
PEGATRON TECHNOLOGY SERVICE,
INC.

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: _____ **17CV321098**

## PLEASE READ THIS ENTIRE FORM

_PLAINTIFF_ (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the _Complaint, Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

_DEFENDANT_ (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the _Complaint, using the proper legal form or format_, in the Clerk's Office of the Court, within **30 days** of the date you were served with the _Summons_ and _Complaint_;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

_RULES AND FORMS:_  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courts.ca.gov/forms.htm and www.courts.ca.gov/rules.htm
- Local Rules and Forms:  www.scscourt.org

_CASE MANAGEMENT CONFERENCE (CMC):_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

_You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8._

---

_Your Case Management Judge is:_ _____ James L. Stoelker _____ _Department:_ __13__

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: _04/17/18_ Time: _2:15pm_ in Department: __13__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department: _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_  If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

• Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court                    Santa Clara County DRPA Coordinator
ADR Administrator                                    408-792-2784
408-882-2530

CV-5003 REV 6/26/13              **ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
                                              **CIVIL DIVISION**

# EXHIBIT B



## Notice of Service of Process

**TV / ALL**
**Transmittal Number: 17728474**
**Date Processed: 02/06/2018**

| | |
|---|---|
| Primary Contact: | Arnold D'Angelo<br>Zurich North America<br>1299 Zurich Way<br>Schaumburg, IL 60196-1056 |
| Electronic copy provided to: | Vicky Russell |

| | |
|---|---|
| **Entity:** | Zurich American Insurance Company<br>Entity ID Number  2746725 |
| **Entity Served:** | Zurich American Insurance Company |
| **Title of Action:** | Pegatron Technology Service Inc vs. Zurich American Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Santa Clara County Superior Court, California |
| **Case/Reference No:** | 17CV321098 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/05/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Alexander F Stuart<br>408-289-1972 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

SUMMONS
Case 5:18-cv-01477   Document 1-2   Filed 03/07/18   Page 1 of 1
*(CITACIÓN JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZURICH AMERICAN INSURANCE COMPANY, a New York corporation;
AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a New York
corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PEGATRON TECHNOLOGY SERVICE, INC., an Indiana
corporation

ENDORSED

2017 DEC 27 PM 2: 18

CLERK OF THE COURT
SUPERIOR COURT OF CA
CO. S. Alvarez

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* 7 C V 3 2 1 0 9 8 |

Santa Clara County Superior Court
191 N. First Street
San Jose, California 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ALEXANDER F. STUART, ESQ. 96141 WILLOUGHBY, STUART, BENING & COOK
50 W. San Fernando Street, Suite 400 408-289-1972
San Jose, CA 95113

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* | DEC 27 2017 | Clerk, by _____ S. Alvarez _____ *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

    Zurich American Insurance
    Company, a New York corporation

3. ☑ on behalf of (specify):
   under: ☑ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date): 2/5/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB CEB.com | Essential Forms

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

2633.13164S– Pegatron

1  ALEXANDER F. STUART- SBN 96141
   ELLYN E. NESBIT- SBN 136398
2  SCOTT F. STUART- SBN 310710
   **WILLOUGHBY, STUART, BENING & COOK**
3  50 W. San Fernando Street, Suite 400
   San Jose, California 95113
4  Telephone: (408) 289-1972
   Facsimile: (408) 295-6375
5  Email: alex@wsbclawyers.com

6  Attorneys for Plaintiff PEGATRON
   TECHNOLOGY SERVICE, INC.

ENDORSED

2017 DEC 27 PM 2: 18

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
By/Alvarez          DEPUTY

7

8             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SANTA CLARA

10                                          **17CV321098**

PEGATRON TECHNOLOGY SERVICE,
11  INC., an Indiana corporation,            Case No.:

12                      Plaintiff,           **COMPLAINT FOR DAMAGES**

13  vs.                                      1.  **Breach of Insurance Contract**
                                             2.  **Insurance Bad Faith**
14                                           3.  **Equitable Subrogation,**
                                                 **Contribution and Indemnity**
15  ZURICH AMERICAN INSURANCE
    COMPANY, a New York corporation;
16  AMERICAN GUARANTEE & LIABILITY
    INSURANCE COMPANY, a New York            Unlimited Jurisdiction
17  corporation; and DOES 1 through 100,
    inclusive,                               **JURY TRIAL DEMANDED**
18
                        Defendants.                    BY FAX
19

20

21

22       OMES NOW PLAINTIFF PEGATRON TECHNOLOGY SERVICE, INC., and for

23  causes of action against Defendants, and each of them, alleges as follows:

24                              PARTIES

25       1.    Plaintiff Pegatron Technology Service, Inc. "(PTSI") is, and at all relevant times

26  was, a corporation organized under the laws of the State of Indiana doing business as a

27  technology services company in the County of Sacramento.

28

WILLOUGHBY, STUART, BENING & COOK

2.    Plaintiff is informed and believes and thereon alleges that Defendant Zurich American Insurance Company ("Zurich") is, and at all relevant times was, a corporation organized under the laws of New York doing business as a property and casualty insurer in the Counties of Sacramento and Santa Clara.  Plaintiff is informed and believes and thereon alleges that Defendant Zurich is a member of the Zurich group of insurance companies.

3.    Plaintiff is informed and believes and thereon alleges that Defendant American Guarantee is, and at all relevant times was, a corporation organized under the laws of New York doing business as a property and casualty insurer in the Counties of Sacramento and Santa Clara. Plaintiff is informed and believes and thereon alleges that Defendant American Guarantee also is a member of the Zurich group of insurance companies.

4.    Plaintiff is ignorant of the true names and capacities of the persons sued as Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is a person or organization legally responsible for the losses and damages alleged in this Complaint, and Plaintiff reserves the right to amend this Complaint to set forth the trues names and capacities of the fictitiously named Defendants as they are ascertained.

5.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each of the Defendants was an agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency with the permission and consent of its co-Defendants.

**VENUE**

6.    The proper county for the trial of this action is the County of Santa Clara in that the subject matter of this dispute arises from liabilities Defendants were required to defend in part in the County of Santa Clara; and the Defendants do business in the County of Santa Clara.

**FACTUAL ALLEGATIONS**

A.   **Underlying Claim**

7.    On or about January 14, 2016, a woman whose name is known to the Defendants but must be kept confidential in this pleading, suffered a publication of private information

1   without her consent, resulting in a claim for personal injury against PTSI and a customer of PTSI

2   whose name is known to the Defendants but must also be kept confidential in this pleading.  For

3   purposes of this complaint, the woman shall be referred to as "Jane Doe," and the customer shall

4   be referred to as "Customer."

5        **B.**   <u>**Customer's Tender of Defense to PTSI**</u>

6        8.     In or about February 2016, Customer tendered its defense and indemnity to PTSI

7   under the terms of various service contracts between Customer and PTSI.  Customer asserted that

8   PTSI had a duty to defend and indemnify Customer against Jane Doe's claim for personal injury

9   because it arose from services that PTSI had contracted to perform for Customer.

10        **C.**   <u>**PTSI's Liability Policies with Zurich and American Guarantee**</u>

11        9.     At the time of the underlying personal injury and subsequent claims, PTSI had in

12   effect three policies of liability insurance providing coverage for claims like those brought against

13   PTSI by Jane Doe and Customer.  Two policies were issued by Zurich to PTSI as named insured.

14   One was issued by American Guarantee to PTSI as named insured.

15        10.     The Zurich policies were (a) a commercial general liability policy bearing policy

16   no. CPO 0181954-00, and (b) a private company select policy bearing policy no. MPL 0140518-

17   01.  The American Guarantee policy was a commercial umbrella liability policy bearing policy

18   no. AUC 0181968-00.  The commercial general liability policy provided coverage up to $1

19   million per personal injury offense; the private company select policy provided coverage up to $1

20   million per claim; the commercial umbrella liability policy provided coverage up to $10 million

21   per personal injury offense.

22        **D.**   <u>**Tender of Defense to Zurich and American Guarantee**</u>

23        11.     Shortly following Customer's tender of defense, PTSI tendered its own defense

24   (including the obligation to defend and indemnify Customer) to Zurich and American Guarantee.

25   On or about March 28, 2016, Zurich wrongfully denied defense and coverage under its private

26   company select policy, and on or about April 7, 2016, Zurich wrongfully denied defense and

27   coverage under its commercial general liability policy.  On or about April 27, 2016, American

28   Guarantee wrongfully denied defense and coverage under its commercial umbrella liability

2633.13164S                  -3-

WILLOUGHBY, STUART, BENING & COOK

1    policy. The wrongful denials constitute breaches of the duty to defend and indemnify owed by

2    each insurer under their respective policies.

3          E.     **Customer's Settlements with Jane Doe and PTSI**

4          12.     On or about June 13, 2016, Customer entered into a settlement agreement with

5    Jane Doe following a binding mediation of Jane Doe's claim which occurred on March 22, 2016,

6    and during which the mediator had made a binding determination of the amount of Jane Doe's

7    damages. In conjunction with the settlement, Customer demanded that PTSI provide full

8    indemnification of the settlement amount.

9          13.     On or about July 15, 2016, PTSI entered into a settlement agreement with

10   Customer by which PTSI promised to indemnify Customer against the obligation to pay the

11   settlement amount to Jane Doe, and in exchange for which Customer agreed to waive its right to

12   reimbursement of attorney's fees and costs incurred by Customer in the defense of Jane Doe's

13   claim.

14         F.     **Zurich and American Guarantee Reaffirm Denials of Coverage**

15         14.     Following the settlements with Jane Doe and Customer, Zurich and American

16   Guarantee each reaffirmed their denials of coverage, claiming there was no duty to defend or

17   indemnify PTSI against any of the claims Jane Doe or Customer alleged.

18         G.     **Assignment of Rights from Chubb**

19         15.     At the time of the underlying personal injury, PTSI also had in effect a policy of

20   commercial umbrella liability insurance with Insurance Company of North America, a member of

21   the Chubb group of insurance companies. For purposes of this complaint, Insurance Company of

22   North America shall be referred to as Chubb. The policy was excess to all policies of liability

23   insurance available to PTSI as a named insured.

24         16.     On or about September 15, 2017, following a mediation with Chubb, PTSI entered

25   into an agreement with Chubb by which PTSI and Chubb mutually released each other, and by

26   which Chubb assigned to PTSI all of its rights to recover amounts expended in defense and/or

27   indemnification of PTSI.

28

2633.13164S                     - 4 -

*WILLOUGHBY, STUART, BENING & COOK*

**H.    Amounts in Controversy**

17.    The amounts PTSI seeks from Zurich and American Guarantee are within the unlimited jurisdiction of the Superior Court.

## FIRST CAUSE OF ACTION
### (Breach of Insurance Contract against All Defendants)

18.    Plaintiff PTSI realleges and incorporates by reference each and every allegation of paragraphs 1 through 17, above, as though fully set forth herein.

19.  .  Plaintiff has satisfied all the conditions of the Zurich and American Guarantee policies to receive full benefits due, excepting only those conditions which are excused by Defendants' breaches of duty as more specifically alleged above.

20.    Defendants, and each of them, have breached their contractual obligations to Plaintiff by wrongfully refusing to defend and indemnify Jane Doe's claim, which was potentially covered by each of their policies and actually covered by each of their policies.

21.    As a direct and proximate result of Defendants' breaches of their contractual obligations, Plaintiff has suffered damages in an amount to be proved at the time of trial.

WHEREFORE, Plaintiff s pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Insurance Bad Faith against All Defendants)

22.    Plaintiff PTSI realleges and incorporates by reference each and every allegation of paragraphs 1 through 21, above, as though fully set forth herein.

23.    Each of the Defendants' policies contains an implied covenant of good faith and fair dealing, whereby Defendants agreed to act in good faith and deal fairly with Plaintiffs, and to refrain from taking any action which would interfere with Plaintiff's rights under the policies.

24.    Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff by unreasonably, oppressively, and without proper cause: (a) withholding benefits due under the policies; (b) engaging in a self-serving interpretation of the policies' coverage; (c) engaging in a self-serving interpretation of the facts to support their

2633.13164S

- 5 -

WILLOUGHBY, STUART, BENING & COOK

1   denials of defense and indemnity; (d) forcing Plaintiff to incur expenses to perform Defendants'

2   own duties of investigation; and (e) forcing Plaintiff to institute litigation to recover amounts due

3   under the policies.

4        25.    As a direct and proximate result of Defendants' breach of the implied covenant of

5   good faith and fair dealing, Plaintiff has suffered damages in an amount to be proved at the time

6   of trial.

7        26.    As a further direct and proximate result of Defendants' breach of the implied

8   covenant of good faith and fair dealing, Plaintiff has been compelled to incur attorney's fees and

9   other expenses to pursue its right to insurance benefits under the policies, causing Plaintiff to

10   suffer further loss in an amount to be proved at the time of trial.

11        27.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of

12   them, intentionally engaged in a course of conduct which was intended or expected to injure

13   Plaintiff, in conscious disregard of Plaintiff's right to receive the insurance benefits due under the

14   policies as alleged in this complaint.  Plaintiff is informed and believes and thereon alleges that

15   these acts were willful, despicable, oppressive and/or fraudulent as contemplated by California

16   Civil Code section 3294, and that all were done with the knowledge, approval and ratification of

17   Defendants, and each of them, by or through their managerial agents.  In order to deter such

18   conduct by Defendants, and each of them, in the future, and to prevent repetition of such conduct

19   as a practice, Plaintiff prays for exemplary and punitive damages.

20        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

21
## THIRD CAUSE OF ACTION
**(Equitable Contribution, Subrogation and Indemnity against All Defendants)**

22

23        28.    Plaintiff PTSI realleges and incorporates by reference each and every allegation of

24   paragraphs 1 through 27, above, as though fully set forth herein.

25        29..   Chubb has assigned to PTSI all of its rights to pursue equitable subrogation,

26   contribution and/or indemnity against Defendants, and each of them, with respect to defense and

27   indemnification of Jane Doe's and Customer's claims.

28

WILLOUGHBY, STUART, BENING & COOK

2633.13164S

- 6 -

COMPLAINT FOR DAMAGES

30. As assignee of Chubb's rights, PTSI seeks reimbursement of amounts Chubb has paid in defense and/or indemnification of PTSI.

31. Zurich and American Guarantee owed a primary obligation to defend and indemnify PTSI; Chubb's obligations were excess to those of Zurich and American Guarantee.

32. By reason of the wrongful failure of Zurich and American Guarantee to defend and indemnify PTSI against the claims of Jane Doe and Customer, PTSI, as Chubb's assignee, has been damaged in an amount to be proved at the time of trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## PRAYER

Plaintiff PTSI prays for judgment against Defendants, and each of them, as follows:

1. For contract benefits within the unlimited jurisdiction of the Superior Court in an amount to be proved at trial;

2. For attorney's fees and other expenses incurred to obtain benefits wrongfully denied under the Zurich and American Guarantee policies;

3. For punitive damages in an amount to punish or make an example of Defendants' conduct;

4. For prejudgment and post-judgment interest allowed by law;

5. For equitable subrogation, contribution and indemnity of amounts paid by Chubb in defense and/or indemnification of PTSI;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

Dated: December 27, 2017                WILLOUGHBY, STUART, BENING & COOK

                                        By: _____
                                            ALEXANDER F. STUART
                                            Attorneys for Plaintiff
                                            PEGATRON TECHNOLOGY SERVICE,
                                            INC.

2633.13164S                          -7-

## DEMAND FOR JURY TRIAL

Plaintiff PEGATRON TEHCNOLOGY SERVICE, INC. hereby demands a trial by jury in this action.


Dated: December 27, 2017                    WILLOUGHBY, STUART, BENING & COOK

By: _____
ALEXANDER F. STUART
Attorneys for Plaintiff
PEGATRON TECHNOLOGY SERVICE,
INC.

2633.13164S                                    - 8 -

COMPLAINT FOR DAMAGES

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: _____ 1 7 C V 3 2 1 0 9 8

| PLEASE READ THIS ENTIRE FORM |
|---|

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1.  You must file a written response to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;

2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and

3.  You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

  ▪  State Rules and Judicial Council Forms:  www.courts.ca.gov/forms.htm and www.courts.ca.gov/rules.htm
  ▪  Local Rules and Forms:  www.scscourt.org

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

| | |
|---|---|
| Your Case Management Judge is: _____ James L. Stoelker _____ | Department:  __13__ |
| The 1st CMC is scheduled for:  (Completed by Clerk of Court) | |
| Date: _04 / 17 / 18_   Time:  _2:15pm_  in Department:  _13_ | |
| The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed) | |
| Date: _____   Time: _____  in Department: _____ | |

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Case 5:18-cv-01477   Document 1-2   Filed 03/07/18   Page 13 of 14

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2784
408-882-2530

# EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar, and Address):
ALEXANDER F. STUART, ESQ                                    CSBN: 96141
WILLOUGHBY, STUART, BENING & COOK, INC.
50 WEST SAN FERNANDO STREET, SUITE 400
SAN JOSE, CA 95113
Telephone:   (408) 289-1972
ATTORNEY FOR: PLAINTIFF

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA
191 NORTH FIRST STREET
SAN JOSE, CA 95113

**FILED**

2018 FEB -6  P 3: 04

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY  R. Jimenez
DEPUTY

PLAINTIFF:   PEGATRON TECHNOLOGY SERVICE, INC.

DEFENDANT :   ZURICH AMERICAN INSURANCE COMPANY, ET AL.

CASE NUMBER:
17CV321098

PROOF OF SERVICE OF SUMMONS

Ref No. or File No.:
2633.13164S

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   SUMMONS; COMPLAINT FOR DAMAGES; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET

3. a. Party served:   AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, A NEW YORK CORPORATION

   b. Person served:   SANDRA FARNETH, AUTHORIZED TO ACCEPT
4. Address where   CSC - LAWYERS INCORPORATING SERVICE
   party was served:   2710 GATEWAY OAKS DRIVE, SUITE 150N
                       SACRAMENTO, CA 95833

5. I served the party by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on 2/5/2018 at 1:05PM.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   ON BEHALF OF: AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, A NEW YORK CORPORATION  UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION: 416.10 (CORPORATION)

7. Person who served papers:   JEREMY GLAZE



COUNTY LEGAL
& NOTARY SERVICE

County Legal & Notary Service.
111 North Market Street, Suite 116
San Jose, CA 95113
Telephone: (408) 564-7560
Registered in Santa Clara County
Registered California Process Server No. 1410
Registered California Professional Photocopier No. 071

The fee for service was:
I am a registered California process server: INDEPENDENT CONTRACTOR
Registration No.: 2011-65
County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   February 5, 2018

Signature:   _Jeremy Glaze_
             JEREMY GLAZE

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

BY FAX

# EXHIBIT D

Case 5:18-cv-01477   Document 1-4   Filed 03/07/18   Page 2 of 3

| | | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>ALEXANDER F. STUART, ESQ   CSBN: 96141<br>WILLOUGHBY, STUART, BENING & COOK, INC.<br>50 WEST SAN FERNANDO STREET, SUITE 400<br>SAN JOSE, CA 95113<br>Telephone:  (408) 289-1972<br>ATTORNEY FOR: PLAINTIFF | | **FILED**<br><br>2018 FEB -6 P 3: 04<br><br>CLERK OF THE COURT<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>BY  R. Jimenez<br>DEPUTY |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>IN AND FOR THE COUNTY OF SANTA CLARA<br>191 NORTH FIRST STREET<br>SAN JOSE, CA 95113 | | |
| PLAINTIFF:   PEGATRON TECHNOLOGY SERVICE, INC. | | CASE NUMBER:<br>17CV321098 |
| DEFENDANT:   ZURICH AMERICAN INSURANCE COMPANY, ET AL | | |
| PROOF OF SERVICE OF SUMMONS | | Ref No. or File No.:<br>2633.1316/JS |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   SUMMONS; COMPLAINT FOR DAMAGES; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET
3. a. Party served:   ZURICH AMERICAN INSURANCE COMPANY, A NEW YORK CORPORATION
   b. Person served:   SANDRA FARNETH , AUTHORIZED TO ACCEPT
4. Address where   CSC - LAWYERS INCORPORATING SERVICE
   party was served:   2710 GATEWAY OAKS DRIVE, SUITE 150N
                        SACRAMENTO, CA 95833
5. I served the party by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on 2/5/2018 at 1:05PM.
6. The "Notice to the Person Served" (on the summons) was completed as follows:
   ON BEHALF OF: ZURICH AMERICAN INSURANCE COMPANY, A NEW YORK CORPORATION  UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE
   SECTION: 416.10 (CORPORATION)

7. Person who served papers:   JEREMY GLAZE



COUNTY LEGAL
& NOTARY SERVICE

County Legal & Notary Service
111 North Market Street, Suite 116
San Jose, CA 95113
Telephone: (408) 364-7360
Registered in Santa Clara County
Registered California Process Server No. 1410
Registered California Professional Photocopier No. 071

The fee for service was:
I am a registered California process server: INDEPENDENT CONTRACTOR
Registration No.: 2011-6
County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  February 5, 2018

Signature:  _Jeremy Glaze_
                    JEREMY GLAZE

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

BY FAX

Case 5:18-cv-01477   Document 1-4   Filed 03/07/18   Page 3 of 3

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar, and address) | CSBN: 96141 | FOR COURT USE ONLY |
|---|---|---|

ALEXANDER F. STUART, ESQ
WILLOUGHBY, STUART, BENING & COOK, INC
50 WEST SAN FERNANDO STREET, SUITE 400
SAN JOSE, CA 95113
Telephone:   (408) 289-1972
ATTORNEY FOR: PLAINTIFF

**FILED**

2018 FEB -6 P 3: 04

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY R. Jimenez
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA
191 NORTH FIRST STREET
SAN JOSE, CA 95113

| PLAINTIFF:   PEGATRON TECHNOLOGY SERVICE, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT:   ZURICH AMERICAN INSURANCE COMPANY, ET AL. | 17CV321098 |

| PROOF OF SERVICE OF SUMMONS | Ref No. or File No.: 2633.13164S |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   SUMMONS; COMPLAINT FOR DAMAGES; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET
3. a. Party served:   AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, A NEW YORK CORPORATION
   b. Person served:   SANDRA FARNETH, AUTHORIZED TO ACCEPT
4. Address where   CSC - LAWYERS INCORPORATING SERVICE
   party was served:   2710 GATEWAY OAKS DRIVE, SUITE 150N
   SACRAMENTO, CA 95833
5. I served the party by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on 2/5/2018 at 1:05PM.
6. The "Notice to the Person Served" (on the summons) was completed as follows:
   ON BEHALF OF: AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, A NEW YORK CORPORATION. UNDER THE FOLLOWING CODE OF
   CIVIL PROCEDURE SECTION: 416.10 (CORPORATION)

7. Person who served papers:   JEREMY GLAZE



COUNTY LEGAL
& NOTARY SERVICE

County Legal & Notary Service
111 North Market Street, Suite 116
San Jose, CA 95113
Telephone: (408) 564-7360
Registered in Santa Clara County
Registered California Process Server No. 1410
Registered California Professional Photocopier No. 071

The fee  for service was:
I am a registered California process server: INDEPENDENT CONTRACTOR
Registration No. 2013-65
County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   February 5, 2018

Signature: _Jeremy Glaze_
                              JEREMY GLAZE

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 (Rev. January 1, 2007)

BY FAX

# EXHIBIT E

1 | SUSAN KOEHLER SULLIVAN, State Bar No. 156418
susan.sullivan@clydeco.us
2 | CLYDE & CO US LLP
633 West 5th Street, 26th Floor
3 | Los Angeles, California 90071
Telephone:      (415) 365-9800
4 | Facsimile:      (415) 365-9801

5 | Attorney for Defendants
ZURICH AMERICAN INSURANCE COMPANY
6 | and AMERICAN GUARANTEE & LIABILITY
INSURANCE COMPANY

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | PEGATRON TECHNOLOGY SERVICE, INC.,

12 |            Plaintiff,

13 |      v.

14 | ZURICH AMERICAN INSURANCE

15 | COMPANY, a New York corporation;
AMERICAN GUARANTEE & LIABILITY

16 | INSURANCE COMPANY, a New York
corporation; and DOES 1 through 100,

17 | inclusive,

18 |            Defendants.

19 |

Case No.

**[State Court Case No. 17CV321098, Santa Clara County, filed 12/27/2017]**

**DECLARATION OF TERESE KERRIGAN IN SUPPORT OF REMOVAL BY DEFENDANTS ZURICH AMERICAN INSURANCE COMPANY AND AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY**

**[28 U.S.C. § 1441(b) (Diversity)]**

FSC Date:        None Set
Trial Date:       None Set
Action Filed:    12/27/2017

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

3619861

1

Case No.

**CLYDE & CO US LLP**
US Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

1

## DECLARATION OF TERESE KERRIGAN

2    I, Terese Kerrigan, declare as follows:

3    1.    I am a Senior Claims Specialist handling claims for Defendant American Guarantee

4  and Liability Insurance Company ("AGLIC"), among other companies that are part of Zurich

5  North America.  I am authorized to make this declaration on behalf of AGLIC and make this

6  declaration based on my own knowledge, as well as knowledge I obtained from my review of the

7  business records generated and maintained by AGLIC in the ordinary course of business.  If called

8  as a witness, I could and would testify competently to the following matters.

9    2.    On or about February 22, 2016, Pegatron Technology Service, Inc. ("PTSI") sent

10  insurers, including AGLIC, notification of a claim by a Jane Doe against their Customer, arising

11  from an incident on January 14, 2016 (the "Incident"), including the Customer's claim for

12  indemnification against PTSI.  I am aware of the identities of Jane Doe and Customer, but their

13  identities are confidential as alleged in the Complaint.

14    3.    After PTSI's Customer settled with Jane Doe, PTSI entered into a settlement with

15  its Customer to indemnify the Customer for the Incident.

16    4.    All of the settlements relating to the Incident were represented to be highly

17  confidential.  Although I am aware of the amount of PTSI's settlement with its Customer, which is

18  the subject of PTSI's lawsuit, in light of the confidentiality provisions AGLIC will not disclose the

19  amount of the subject settlement except to represent that it is well in excess of $75,000.

20    I declare under penalty of perjury under the laws of the United States of America that the

21  foregoing is true and correct, and this declaration was executed on March 6, 2018, at

22  Jersey City , NJ          .

23

24                                              Terese Kerrigan

25

26

27

28

# EXHIBIT F

1

### DECLARATION OF PAUL E. GLOVER

2      I, Paul E. Glover, declare as follows:

3      1.      I am over 21 years of age and am competent to give this declaration.

4      2.      Except where otherwise stated, I have personal knowledge of the facts

5  set forth in this declaration, all of which I believe to be true and correct.

6      3.      I am a Senior Consultant for Product Management and Development

7  for Verizon.  I have been with Verizon or its predecessor companies for the past

8  thirty years.  For the past fifteen years, my responsibilities have included managing

9  various aspects of billing and collection services provided by Verizon to third

10  parties, such as to Enhanced Services Billing, Inc. ("ESBI"), including account

11  management support, IT product enhancements and repairs, and management of

12  regulatory and legal issues related to billing and collection services.

13      4.      I have reviewed Verizon's records for charges billed by Verizon on

14  behalf of ESBI to landline telephone subscribers in California from March 1, 2006

15  to the present.  The records show that these subscribers were billed more than

16  $5,000,000, exclusive of fees and interest, from March 1, 2006 until the present for

17  ESBI charges. The records also show that the number of Verizon landline

18  subscribers in California that were billed for ESBI charges during this period

19  exceeds 100.

20      I declare under penalty of perjury under the laws of the United States of

21  America that the foregoing is true and correct and that this declaration was executed

22  on March 25, 2010, at Boston, Massachusetts.

23

24                                              _Paul E. Glover_
                                                Paul E. Glover
25

26

27

28

10269865.1                        - 1 -         GLOVER DECLARATION IN SUPPORT OF
                                                NOTICE OF REMOVAL

JS-CAND 44 (Rev. 06/17)    Case 5:18-cv-01477-LHK **CIVIL COVER SHEET**07/18   Page 1 of 1

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PEGATRON TECHNOLOGY SERVICE, INC. | ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY |

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*
Clark County, Indiana

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)* New York; Cook County, Illinois
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander F. Stuart, Email: alex@wsbclawyers.com
WILLOUGHBY, STUART, BENING & COOK
50 W. San Fernando Street, Suite 400, San Jose, California 95113
Telephone: (408) 289-1972, Facsimile: (408) 295-6375

Attorneys *(If Known)* Susan Koehler Sullivan, Email: susan.sullivan@clydeco.us
Tammy T. Chang, Email: tammy.chang@clydeco.us
CLYDE & CO US LLP
633 West Fifth Street, 26th Floor, Los Angeles, California 90071
Telephone: (415) 365-9800, Facsimile: (415) 365-9801

**II.   BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question
  (U.S. Government Not a Party)
- [x] 4 Diversity
  *(Indicate Citizenship of Parties in Item III)*

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated *or* Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated *and* Principal Place of Business In Another State | [x]5 | [x]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV.    NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC § 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury – Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC § 157 | [ ] 376 Qui Tam (31 USC § 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 710 Fair Labor Standards Act | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment Of Veteran's Benefits | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 720 Labor/Management Relations | [ ] 830 Patent | [ ] 430 Banks and Banking |
| | [ ] 340 Marine | | [ ] 740 Railway Labor Act | [ ] 835 Patent–Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 751 Family and Medical Leave Act | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 790 Other Labor Litigation | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced & Corrupt Organizations |
| | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 791 Employee Retirement Income Security Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **IMMIGRATION** | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| | [ ] 362 Personal Injury -Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 462 Naturalization Application | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | | | [ ] 465 Other Immigration Actions | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 190 Other Contract | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 440 Other Civil Rights | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 196 Franchise | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC § 7609 | [ ] 896 Arbitration |
| [ ] 210 Land Condemnation | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 220 Foreclosure | [ ] 445 Amer. w/Disabilities– Employment | [ ] 535 Death Penalty | | | |
| [ ] 230 Rent Lease & Ejectment | [ ] 446 Amer. w/Disabilities–Other | **OTHER:** | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 448 Education | [ ] 540 Mandamus & Other | | | |
| [ ] 245 Tort Product Liability | | [ ] 550 Civil Rights | | | |
| [ ] 290 All Other Real Property | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee – Conditions of Confinement | | | |

**V.    ORIGIN** *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

**VI.  CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1441(b) (diversity)
Brief description of cause:
Insurance coverage – (1) breach of contract; (2) bad faith; (3) equitable subrogation, contribution, and indemnity

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $ Over $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE  Hon. James L. Stoelker
DOCKET NUMBER  Santa Clara Superior Court, Case No. 17CV321098 (seeking removal)

**IX.   DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
*(Place an "X" in One Box Only)*
[ ] SAN FRANCISCO/OAKLAND   [x] SAN JOSE   [ ] EUREKA-MCKINLEYVILLE

DATE  March 7, 2018    SIGNATURE OF ATTORNEY OF RECORD

3594134

American LegalNet, Inc.
www.FormsWorkFlow.com

1  SUSAN KOEHLER SULLIVAN, State Bar No. 156418
   susan.sullivan@clydeco.us
2  TAMMY T. CHANG, State Bar No. 275588
   tammy.chang@clydeco.us
3  CLYDE & CO US LLP
   633 West 5th Street, 26th Floor
4  Los Angeles, California  90071
   Telephone:   (415) 365-9800
5  Facsimile:   (415) 365-9801

6  Attorney for Defendants
   ZURICH AMERICAN INSURANCE
7  COMPANY and AMERICAN GUARANTEE &
   LIABILITY INSURANCE COMPANY

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| 12  PEGATRON TECHNOLOGY SERVICE,<br>INC., an Indiana corporation, | Case No. |
| 13 | **[State Court Case No. 17CV321098, Santa<br>Clara County, filed 12/27/2017]** |
| 14              Plaintiff, | |
| | **CERTIFICATE OF INTERESTED<br>PARTIES OF ZURICH AMERICAN** |
| 15          v. | **INSURANCE COMPANY AND<br>AMERICAN GUARANTEE & LIABILITY** |
| 16 | **INSURANCE COMPANY** |
| 17  ZURICH AMERICAN INSURANCE<br>COMPANY, a New York corporation; | **[F.R.C.P. 7.1 and** |
| 18  AMERICAN GUARANTEE & LIABILITY<br>INSURANCE COMPANY, a New York | **CIVIL L.R. 3-15]** |
| 19  corporation; and DOES 1 through 100,<br>inclusive, | |
| 20 | FSC Date:      None Set |
|               Defendants. | Trial Date:     None Set |
| 21 | Action Filed:  12/27/2017 |

22

23        TO THE HONORABLE UNITED STATES DISTRICT COURT, TO ALL PARTIES,

24  AND TO THEIR ATTORNEYS OF RECORD:

25        Pursuant to Civil L.R. 3-15 and Fed. R. Civ. P. 7.1, the undersigned, counsel of record for

26  Defendants Zurich American Insurance Company and American Guarantee & Liability Insurance

27  Company, certifies that the following listed persons, associations of persons, firms, partnerships,

28

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

1    corporations (including parent corporations) or other entities may have a financial interest in the

2    subject matter in controversy or in a party to the proceeding:

3        1.        Zurich American Insurance Company, a New York Corporation;

4        2.        Zurich American Insurance Company is a wholly owned subsidiary of Zurich

5    Holding Company of America, Inc., a Delaware corporation;

6        3.        Zurich Holding Company of America, Inc. is 99.180% owned directly by Zurich

7    Insurance Company Ltd, a Swiss Corporation, with the remaining shares indirectly owned by

8    Zurich Insurance Company Ltd;

9        4.        Zurich Insurance Company Ltd is directly owned by Zurich Insurance Group Ltd, a

10   Swiss Corporation;

11       5.        Zurich Insurance Group Ltd is the only publicly traded parent company, with a

12   listing on the Swiss stock exchange, and a further trading of American Depositary Receipts;

13       6.        American Guarantee and Liability Insurance Company, a New York Corporation;

14       7.        American Guarantee and Liability Insurance Company is a wholly owned

15   subsidiary of Zurich American Insurance Company.

16

17   Dated: March 7, 2018                        CLYDE & CO US LLP

18

19

20                                      By:  _____

21                                      Susan Koehler Sullivan
                                        Tammy T. Chang
22                                      Attorney for Defendants
                                        ZURICH AMERICAN INSURANCE
23                                      COMPANY and AMERICAN GUARANTEE &
                                        LIABILITY INSURANCE COMPANY
24

25

26

27

28

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

1  SUSAN KOEHLER SULLIVAN, State Bar No. 156418
   susan.sullivan@clydeco.us
2  TAMMY T. CHANG, State Bar No. 275588
   tammy.chang@clydeco.us
3  CLYDE & CO US LLP
   633 West 5th Street, 26th Floor
4  Los Angeles, California  90071
   Telephone:    (415) 365-9800
5  Facsimile:    (415) 365-9801

6  Attorney for Defendants
   ZURICH AMERICAN INSURANCE
7  COMPANY and AMERICAN GUARANTEE &
   LIABILITY INSURANCE COMPANY

8
                    **UNITED STATES DISTRICT COURT**
9
                   **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12  PEGATRON TECHNOLOGY SERVICE,    | Case No.
    INC., an Indiana corporation,
13                                   | **[State Court Case No. 17CV321098, Santa**
                                     | **Clara County, filed 12/27/2017]**
14            Plaintiff,
                                     | **NOTICE OF RELATED CASES OF**
15                                   | **DEFENDANTS ZURICH AMERICAN**
         v.                          | **INSURANCE COMPANY AND**
16                                   | **AMERICAN GUARANTEE & LIABILITY**
                                     | **INSURANCE COMPANY**
17  ZURICH AMERICAN INSURANCE
    COMPANY, a New York corporation; | **[CIVIL LOCAL RULE 3-12]**
18  AMERICAN GUARANTEE & LIABILITY
    INSURANCE COMPANY, a New York
19  corporation; and DOES 1 through 100,  | FSC Date:      None Set
    inclusive,                       | Trial Date:    None Set
20                                   | Action Filed:  12/27/2017
             Defendants.
21

22

23

24       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25       Defendants ZURICH AMERICAN INSURANCE COMPANY ("Zurich") and

26  AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY ("American Guarantee,"

27  collectively, "Defendants") know of no action previously filed or currently pending in the

28

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

1  | Northern District of California which concerns substantially the same parties, property, transaction

2  | or event or otherwise meets the criteria for related cases as set forth in Civil L.R. 3-12.

3

4  | Dated:  March 7, 2018                    CLYDE & CO US LLP

5

6

7  |                                         By:

8  |                                         Susan Koehler Sullivan
                                            Tammy T. Chang
9  |                                         Attorney for Defendants
                                            ZURICH AMERICAN INSURANCE
10 |                                         COMPANY and AMERICAN GUARANTEE &
                                            LIABILITY INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3593737                                    2                                    Case No.

1  SUSAN KOEHLER SULLIVAN, State Bar No. 156418
   susan.sullivan@clydeco.us
2  TAMMY T. CHANG, State Bar No. 275588
   tammy.chang@clydeco.us
3  CLYDE & CO US LLP
   633 West 5th Street, 26th Floor
4  Los Angeles, California 90071
   Telephone:    (415) 365-9800
5  Facsimile:    (415) 365-9801

6  Attorney for Defendants
   ZURICH AMERICAN INSURANCE COMPANY
7  and AMERICAN GUARANTEE & LIABILITY
   INSURANCE COMPANY
8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11

12  PEGATRON TECHNOLOGY SERVICE,          Case No.
    INC., an Indiana corporation,
13                                        **[State Court Case No. 17CV321098, Santa**
                     Plaintiff,           **Clara County, filed 12/27/2017]**
14
         v.                               **DEFENDANTS' CERTIFICATE OF**
15                                        **SERVICE RE NOTICE OF REMOVAL**
    ZURICH AMERICAN INSURANCE             **UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**
16  COMPANY, a New York corporation;      **TO PLAINTIFF**
    AMERICAN GUARANTEE & LIABILITY
17  INSURANCE COMPANY, a New York         **[28 U.S.C. § 1441(b) (Diversity)]**
    corporation; and DOES 1 through 100,
18  inclusive,                            FSC Date:      None Set
                                          Trial Date:    None Set
19                   Defendants.          Action Filed:  12/27/2017

20

21
         **PLEASE TAKE NOTICE** THAT Defendants Zurich American Insurance Company and
22
    American Guarantee & Liability Insurance Company, hereby served the following documents:
23
    / / /
24
    / / /
25

26

27

28

3594166                              1                              Case No.

## CERTIFICATE OF SERVICE

### *Pegatron Technology v. Zurich American Ins. Co., et al.*
### USDC Case No.

### [Removed from State Court Case No. 17CV321098]

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is CLYDE & CO US LLP, 633 West 5th Street, 26th Floor, Los Angeles, California 90071.

On **March 7, 2018**, I served the within document(s):

| | |
|---|---|
| 1. | **NOTICE OF REMOVAL** |
| 2. | **CERTIFICATE OF INTERESTED PARTIES** |
| 3. | **CIVIL COVER SHEET** |
| 4. | **NOTICE OF RELATED CASES** |

☒    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via Federal Express.

Alexander F. Stuart
Ellyn E. Nesbit
Scott F. Stuart
WILLOUGHBY, STUART,
  BENING & COOK
50 W. San Fernando Street, Suite 400
San Jose, California 95113

Attorney for Plaintiff
PEGATRON TECHNOLOGY SERVICE, INC.

Telephone:    (408) 289-1972
Facsimile:    (408) 295-6375
Email: alex@wsbclawyers.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **March 7, 2018**, at Los Angeles, California.

Kathy L. Rollins

CLYDE & CO US LLP
US Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

3594166

2

Case No.

**PROOF OF SERVICE**

*Pegatron Technology v. Zurich American Ins, Co., et al.*
**USDC Case No.  5:18-CV-01477**

**[Removed from State Court Case No. 17CV321098]**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is CLYDE & CO US LLP, 633 West 5th Street, 26th Floor, Los Angeles, California 90071.

On **March 8, 2018**, I served the within document(s):

**NOTICE TO PLAINTIFF PEGATRON TECHNOLOGY SERVICE, INC. AND TO THE STATE COURT OF REMOVAL OF ACTION**

☒      OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via Federal Express.

| | |
|---|---|
| Alexander F. Stuart | Attorney for Plaintiff |
| Ellyn E. Nesbit | PEGATRON TECHNOLOGY SERVICE, INC. |
| Scott F. Stuart | |
| WILLOUGHBY, STUART, | Telephone:      (408) 289-1972 |
|   BENING & COOK | Facsimile:      (408) 295-6375 |
| 50 W. San Fernando Street, Suite 400 | Email: alex@wsbclawyers:com |
| San Jose, California  95113 | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **March 8, 2018**, at Los Angeles, California.

Kathy L. Rollins

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (415) 365-9800

3594159

3

Case No. 17cv321098