**MORRISON** | **FOERSTER**

12531 HIGH BLUFF DRIVE
SAN DIEGO, CALIFORNIA
92130-2040

TELEPHONE: 858.720.5100
FACSIMILE: 858.720.5125

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 6, 2019

Writer's Direct Contact
+1 (858) 720.5178
EBosman@mofo.com

<u>**VIA ECF**</u>

Hon. Magistrate Virginia K. DeMarchi
United States District Court
Northern District of California
San Jose Courthouse
280 South 1st Street, 5th Floor
San Jose, CA 95113



FILED

MAY 07 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
SAN JOSE CALIFORNIA

Re:    <u>Joint Discovery Letter Regarding Rule 45 Deposition Subpoenas to Customer in</u>
       <u>*Pegatron Technology Service, Inc. v. Zurich American Ins. Co., et al.*, No. 5:18-cv-</u>
       <u>01477-LHK</u>

Dear Judge DeMarchi:

In accordance with the Court's Standing Order, Section 4(c), Non-Party Customer[1] and
Defendant American Guarantee & Liability Insurance Company ("AGLIC") respectfully
submit this joint discovery letter regarding two Rule 45 deposition subpoenas AGLIC served
upon Customer and Customer's in-house legal counsel.

## I.    STATEMENT OF THE DISPUTE

Customer moves to quash two Rule 45 non-party subpoenas for deposition testimony served
by AGLIC on Customer:  (1) a subpoena seeking testimony from Customer under Rule
30(b)(6), and (2) a subpoena seeking testimony from one of Customer's senior in-house
litigation attorneys.  Both deposition subpoenas are noticed for May 14, 2019.  The parties'
respective positions are presented below.

---

[1] The parties to the *Pegatron* Lawsuit agreed to keep Pegatron Technology Service, Inc.'s
("PTSI's") customer confidential and refer to the customer in their pleadings as "Customer."
(*See* ECF Nos. 1-1 at ¶ 7; 12 at ¶ 7; 17 at p. 2 n. 1.)  To preserve its confidentiality, Non-
Party Customer continues to use this pseudonym here.  The agreement regarding
confidentiality extends to the name of claimant Jane Doe (*see id.*), who is also referred to
herein by a pseudonym.



sd-734475   REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**MORRISON | FOERSTER**

Hon. Magistrate Virginia K. DeMarchi
May 6, 2019
Page Two

## II.    POSITIONS OF NON-PARTY CUSTOMER AND DEFENDANT AGLIC

### A.    Non-Party Customer's Position

Non-Party Customer has already provided five expedited document productions (2,232 pages to date) in response to AGLIC's first Rule 45 subpoena seeking documents.  Nevertheless, AGLIC served two additional Rule 45 subpoenas seeking deposition testimony from Customer and its senior in-house legal counsel as well.  AGLIC's two deposition subpoenas violate Rule 45 because they unduly burden Customer and seek disclosure of privileged information from an in-house attorney—a recourse this district court has repeatedly discouraged.  AGLIC articulates no reason why oral testimony is necessary in addition to the burdensome and expedited document productions that Customer has already provided.  For the reasons stated below, its two deposition subpoenas to Customer should be quashed.

### 1.    Legal Standard

Non-party discovery is different than party discovery.  Courts will quash an unduly burdensome subpoena that asks a non-party to testify about topics that are not narrowly tailored to the immediate needs of the case.  Fed. R. Civ. P. 45(d)(1); *See Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. C 12-80192 EJD (PSG), 2012 WL 12898829, at *3 n. 4 (N.D. Cal. Oct. 19, 2012) (evaluating undue burden "requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party"); *see Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts") (citing *United States v. C.B.S., Inc.*, 666 F.2d 364, 371−72 (9th Cir. 1982)); *see, e.g., Straight Path IP Grp., Inc. v. Blackberry Ltd.*, No. C 14-80150 WHA, 2014 U.S. Dist. LEXIS 92787, at *8-14 (N.D. Cal. July 8, 2014) (quashing "unduly burdensome" deposition subpoena); *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003) (quashing overbroad 30(b)(6) subpoena to non-party).

Courts disfavor attorney depositions unless the discovery sought cannot be obtained from another source.  *See Graff v. Hunt & Henriques*, No. C08-0908 JF (PVT), 2008 WL 2854517, at *1 (N.D. Cal. July 23, 2008); *Nocal, Inc. v. Sabercat Ventures, Inc.*, No. C 04-0240 PJH(JL), 2004 WL 3174427, at *2 (N.D. Cal. Nov. 15, 2004) (presumption against allowing attorney depositions "because doing so compromises the standards of the legal profession"); *Carehouse Convalescent Hosp. v. Super. Ct.*, 143 Cal. App. 4th 1558, 1563 (2006) ("Attorney depositions chill the attorney-client relationship, impede civility and easily lend themselves to gamesmanship and abuse."); *Spectra-Physics, Inc. v. Super. Ct.*, 198 Cal. App. 3d 1487, 1494 (1988) (deposing counsel is typically not useful because "the likelihood the attorney will assert claims of work product and attorney-client privilege is great").

MORRISON | FOERSTER

Hon. Magistrate Virginia K. DeMarchi
May 6, 2019
Page Three

An attorney deposition is not permitted unless the party seeking the deposition shows: "(1) no other means exist to obtain the information, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case." *Fed. Trade Comm'n v. Directv, Inc.*, No. 15-CV-01129-HSG(MEJ), 2016 WL 1741137, at *2 (N.D. Cal. May 3, 2016) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)); *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-CV-01081-PSG, 2015 WL 12942202, at *1 (N.D. Cal. Oct. 23, 2015) (quashing attorney subpoenas); *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quashing subpoena for failure to explain "'what non-privileged, relevant information [deponent] could offer'").

## 2.     Relevant Background Regarding This Dispute

AGLIC first served Customer with a Rule 45 document subpoena on February 7, 2019 containing 24 separate requests.  Customer timely objected on the grounds that most requests were overbroad and unduly burdensome, sought information protected by the attorney-client privilege, and sought information already in AGLIC's possession or that could more readily be obtained from Plaintiff.  Following a meet and confer, and in the interest of cooperation and avoiding unnecessary motion practice, Customer ultimately agreed to search for and produce *all* relevant, non-privileged documents in response.  Given AGLIC's representation that it faced an imminent discovery cut-off, Customer also agreed to produce these documents on an expedited basis.

Consistent with that agreement, non-party Customer has spent significant time and expense interviewing and collecting documents from 10 separate custodians in response to the subpoena.  Customer has diligently reviewed documents and began making rolling productions on March 19.  To date, Customer has produced 2,232 pages of documents in 5 separate productions and expects its document productions will be complete on or before May 8.

Despite Customer's cooperation with AGLIC on the document subpoena, AGLIC served two deposition subpoenas on March 22 seeking information duplicative of the information sought in its documents subpoena.  As Customer has consistently stated since its April 1 letter to AGLIC objecting to those subpoenas, its thorough document production should obviate the need for any oral testimony.  *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

After serving that letter, AGLIC and Customer met-and-conferred on April 3.  Customer maintained its stance that the depositions are unnecessary and that it would move to quash if the subpoenas were not withdrawn.  In response, AGLIC offered to take the depositions off

MORRISON | FOERSTER

Hon. Magistrate Virginia K. DeMarchi
May 6, 2019
Page Four

calendar and provide revised Rule 30(b)(6) categories for Customer's consideration. Over
two weeks later, on April 19, Customer received the amended subpoenas.

### 3.    AGLIC Cannot Articulate Why Oral Testimony Is Necessary

AGLIC's amended subpoena makes clear that the oral testimony sought surrounds ▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It seeks privileged information from a non-party and specifically its
senior in-house attorney, is duplicative of email correspondence already produced by
Customer, and would require Customer to spend significant time and expense preparing
witness(es) on matters over three years past. The amended Rule 30(b)(6) deposition
subpoena went from 24 to 11 categories, but the numerical change did not meaningfully
reduce the areas of testimony sought—it combined the repetitive and overlapping requests.

AGLIC has yet to articulate why Customer's document productions are insufficient,
especially in light of Customer's non-party status under Rule 45. To date, besides AGLIC's
demands for a final date when all productions will be complete, Customer has received no
questions whatsoever about the actual content of its document productions and whether
anything AGLIC seeks is missing. Indeed, despite AGLIC's stated urgency, it did not even
download most productions until several days after Customer produced them.

Further, AGLIC has also identified no information that could be gleaned from Customer's
senior in-house attorney's testimony that would be both relevant and non-privileged. *See
Unigene Labs., Inc. v. Apotex, Inc.*, No. C 07-80218SI, 2007 WL 2972931, at *3 (N.D. Cal.
Oct. 10, 2007) (quashing non-party attorney subpoena where deposition would be "futile"
because the "information relevant to the controversy" was attorney-client privileged). Nor
has AGLIC indicated why any such information could be obtained only by taking the
attorney's deposition. Customer has already produced the attorney's documents, and those
documents provide the necessary information AGLIC needs for the underlying contractual
insurance dispute. Any relevant and non-privileged information from Customer's attorney's
testimony would be duplicative or cumulative of information provided in Customer's
document production. Customer's attorney's testimony is also unnecessary because
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
*See Goodyear Tire & Rubber Co. v. Murphy's, Inc.*, No. C-91-4483 SBA, 1992 U.S. Dist.
LEXIS 13469, at *5 (N.D. Cal. July 13, 1992) (excluding testimony about contract
negotiations of final and binding agreement).

AGLIC's two deposition subpoenas subject Customer and Customer's in-house counsel[2] to
undue burden and should be quashed.

---

[2] AGLIC's position accuses Customer of "cloaking its identity and the identity of the
individual deponent in mystery"; however, the parties to the litigation know the identity of

MORRISON | FOERSTER

Hon. Magistrate Virginia K. DeMarchi
May 6, 2019
Page Five

### 4.    Customer's Proposed Resolution

Customer maintains that under Rule 45 and case law surrounding attorney depositions, the best course is what is already taking place:  Customer will complete its production of all relevant, non-privileged documents by May 8.  However, the two deposition subpoenas should be quashed.

Customer is willing to provide written authentication for any documents it produces pursuant to the document subpoena.  *See In re Subpoenas to Intel Corp.*, No. 4:17-MC-80159-KAW, 2018 WL 1035794, at *3-4 (N.D. Cal. Feb. 23, 2018) (quashing Rule 30(b)(6) deposition topics to non-party where "it would be far less burdensome to obtain th[e] information by other means, including document subpoena" and where non-party could authenticate documents it produced through declarations).  In the event the Court believes additional discovery is warranted, Customer is also agreeable to answering a targeted set of written interrogatories.

### B.    Defendant AGLIC's Position

PTSI's lawsuit against AGLIC seeks reimbursement for a



Customer and its in-house counsel and agreed to keep this information confidential consistent with the underlying settlement. *See supra* fn. 1.

MORRISON | FOERSTER

Hon. Magistrate Virginia K. DeMarchi
May 6, 2019
Page Six

▓▓▓▓ Customer now adopts the remarkable position that a deposition of Customer
is not necessary, and that AGLIC should instead conduct discovery from Customer through
document review alone.  Customer continues to slowly produce documents responsive to
AGLIC's document subpoena served in February 2019, but Customer provides no facts to
support its theoretical argument that the deposition of Customer is somehow not warranted.
To the contrary, Customer acknowledges having scores of relevant documents to produce,
and has no basis for refusing basic deposition discovery.

Again cloaking its identity and the identity of the individual deponent in mystery, Customer
claims that a deposition of its in-house counsel ("Employee") is not necessary. Yet ▓▓▓

▓▓▓▓ This is not a situation where AGLIC has
sought to depose an Employee marginally involved with the issue in dispute, Employee sits
at the center of the key communications in this case.  Nor is AGLIC seeking to depose
Employee with reference to privileged matters.  As noted, Employee was involved in
numerous communications with Pegatron/PTSI which are not privileged (and certainly
would not have been produced by Customer had they been).

Customer has not established any undue burden here, or any other reason to bar the requested
depositions.  In contrast, AGLIC will be prejudiced if it is not permitted to obtain the
requested discovery.

     1.    **Background**



sd-734475

MORRISON | FOERSTER

Hon. Magistrate Virginia K. DeMarchi
May 6, 2019
Page Seven



In March 2019, AGLIC served subpoenas for Customer's and Employee's depositions to take place in April 2019. Following meet and confer efforts, AGLIC offered to reset the depositions dates (not take them off-calendar) while AGLIC served amended subpoenas which: (1) set Employee's deposition for May 14 - the date that Customer said Employee is available for a deposition; and (2) streamlined the deposition topics. Customer subsequently stated it would move to quash both subpoenas on grounds which demonstrate that Customer never had any intention of appearing for depositions making the meet and confer irrelevant.

### 2. Customer Cannot Meet Its Burden to Quash the Subpoenas

The Federal Rules allow for broad discovery, regarding "any nonprivileged matter that is relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). A party seeking to quash a subpoena bears the burden of demonstrating that the information sought is privileged or subjects a person to undue burden. *In re Ex Parte Apple, Inc.*, 2012 WL 1570043, *1 (N.D. Cal. 2012). Examples of undue burden include: A subpoena with 47 overbroad topics on a third party with no role in the dispute (*Straight Path IP Grp.*, *supra*), or a subpoena to a retained expert's employer (a museum) having no role in the case (*Mattel, Inc.*, *supra*). Customer has not demonstrated any undue burden related to the depositions sought here. Instead, Customer relies on nine cases (*Graff; Norcal; Carehouse Convalescent Hosp; Spectra-Physics; Fed. Trade Comm'n; Shelton; GSI Tech; Lemberg Law LLC;* and *Unigene Labs., Inc.*, *see* Section II.A above) which considered litigants' subpoenas to counsel for other litigants in the same lawsuit - cases which are clearly distinguishable and involved an entirely different analysis. Instead, "whether a subpoena imposes an undue burden on a witness is a case specific inquiry." *Amhing Corp. v. Thuan Phong Corp.*, 2015 WL 12747605, *2 (C.D. Cal. 2015).

Customer suggests that burden exists because the individual witness is also an attorney, but there is no evidence that AGLIC plans to ask the witness about privileged information. To the contrary, AGLIC is happy to provide the court with scores of non-privileged emails directly between Employee and Pegatron bearing precisely on issues to be litigated in this case. Customer also has no basis to claim that the "time and expense" to comply with the subpoena is an undue burden – and indeed has made no effort to support this assertion.

MORRISON | FOERSTER

Hon. Magistrate Virginia K. DeMarchi
May 6, 2019
Page Eight

Also, the claimed burden is to be weighed against the fact that the testimony is relevant to the issues in this lawsuit – which AGLIC has demonstrated above and can elaborate on during a hearing if necessary.  AGLIC also has a right to defend itself in the litigation brought by PTSI, litigation which stems entirely from ███████████████████████ ██████████████████████

████████████████████████████████████████  AGLIC has the right to question Customer about the events giving rise to the payment at issue.
███████████████████████████████████████████████
████████████████████████████████████████████████

While Customer stresses that it is a "non-party", non-parties are deposed every day because they have information relevant to the dispute being litigated.  Here, ████████████████ ████████████████████████████████████████  While it is understandable that Customer and Employee do not wish to testify, the law does not support prohibiting AGLIC from obtaining relevant discovery.

In short, Customer has failed to meet its burden to demonstrate undue burden resulting from the requested depositions.  Meanwhile, AGLIC will suffer prejudice in this case if arguably the primary witness ██████████████████████████████████████ ████████████  is permitted to skirt providing testimony.  AGLIC must be given the opportunity to defend itself in this lawsuit by conducting essential discovery from Customer ████████████████████████████████████████  In light of the facts and circumstances of this case, the balance weighs greatly in favor of permitting AGLIC the opportunity to depose Customer and Employee.

## III.  NON-PARTY CUSTOMER'S AND DEFENDANT AGLIC'S STATEMENTS ON A HEARING

### A.  Non-Party Customer's Position

Customer believes a telephonic hearing would be helpful and can be available for one at the Court's convenience.

### B.  Defendant AGLIC's Position

AGLIC believes that a hearing would likely be helpful due to Customer's insistence that basic information about this case be kept confidential – including Customer's very identity and the nature of the dispute as well as the omnipresent involvement of the named witness in virtually every material communication with the Plaintiff in this case.  Since the Honorable

**MORRISON | FOERSTER**

Hon. Magistrate Virginia K. DeMarchi
May 6, 2019
Page Nine

Lucy H. Koh has set a May 20, 2019 fact discovery deadline for this matter, an expedited resolution of the present dispute is respectfully requested.

## IV.   FACT AND DISCOVERY CUT-OFF DATES

Fact discovery closes on May 20, 2019 and expert discovery closes on July 29, 2019.  (ECF No. 38.)

## V.   COMPLIANCE WITH MEET-AND-CONFER REQUIREMENT

Lead counsel for AGLIC and non-party Customer conferred telephonically regarding this matter on April 4, 2019.  Present on the call were Susan Sullivan (lead counsel) and Veena Mitchell for AGLIC, and Erin Bosman (lead counsel) and Suzanne Marinkovich for Customer.


Respectfully submitted,

Dated:  May 6, 2019                MORRISON & FOERSTER LLP

By: _____
       Erin M. Bosman

       Attorneys for Non-Party Customer


Dated:  May 6, 2019                CLYDE & CO US LLP


By:     /s/ Susan Koehler Sullivan
       Susan Koehler Sullivan

       Attorneys for Defendant American
       Guarantee & Liability Insurance
       Company


Enclosures


sd-734475

# EXHIBIT 1

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1 | SUSAN KOEHLER SULLIVAN, State Bar No. 156418
*susan.sullivan@clydeco.us*
2 | VEENA A. MITCHELL, State Bar No. 161153
*veena.mitchell @clydeco.us*
3 | CLYDE & CO US LLP
633 West 5th Street, 26th Floor
4 | Los Angeles, California 90071
Telephone: (213) 358-7600
5 | Facsimile: (213) 358-7699

6 | Attorneys for Defendant
AMERICAN GUARANTEE & LIABILITY
7 | INSURANCE COMPANY

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | PEGATRON TECHNOLOGY SERVICE, INC., an Indiana corporation,

Case No. 5:18-cv-01477-LHK

12 |

Plaintiff,

**DEFENDANT AMERICAN GUARANTEE**
13 | **& LIABILITY INSURANCE COMPANY'S**
**AMENDED NOTICE OF DEPOSITION**
14 | v.

**OF** ▮▮▮▮▮▮

ZURICH AMERICAN INSURANCE
15 | COMPANY, a New York corporation;
AMERICAN GUARANTEE & LIABILITY
16 | INSURANCE COMPANY, a New York
corporation; and DOES 1 through 100,
17 | inclusive,

18 | Defendants.

19 |

20 |

21 | **TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

22 | PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil

23 | Procedure, Defendant American Guarantee & Liability Insurance Company, by and through its

24 | attorneys of record, will take the deposition upon oral examination of ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ The deposition will be taken at Bell & Meyers, 2055

26 | Junction Avenue, Suite 200, San Jose, California, 95131, commencing at 9:00 a.m. on May 14,

27 | 2019.

28 | / / /

1   PLEASE TAKE FURTHER NOTICE that the deposing party intends to cause the
2   proceedings to be recorded both stenographically, including by the instant display of testimony,
3   before a certified court reporter, and by videotape. The deposing party specifically reserves the
4   right to use the videotape at the time of trial. Deponent is not a party to this action and is being
5   deposed pursuant to subpoena. A copy of the deposition subpoena is attached hereto.

6   ███████ is a corporation rather than a natural person. Accordingly, the matters on
7   which the deponent is to designate one or more officers, directors, partners, or managing agents, or
8   designate other persons who consent to and are most qualified to testify on its behalf, in accord
9   with Federal Rule of Civil Procedure 30(b)(6), are set forth herein.

10                                  **DEFINITIONS**

11   Definitions relating to the Notice of Deposition herein are as follows:

12   1.   The term "COMPLAINT" means the complaint in this lawsuit filed on December
13   27, 2017, in the Superior Court of the State of California in and for the County of Santa Clara,
14   Case No. 15cv321098, and later removed on March 7, 2018, to the United States District Court for
15   the Northern District of California, Case No. 5:18-cv-01477-LHK. (Copy attached as Exhibit 1.)

16   2.   The term "CUSTOMER" means PTSI'S customer, whose name is alleged must be
17   kept confidential, against which JANE DOE brought a claim due to the INCIDENT, as described
18   in paragraph 7 of the COMPLAINT.

19   3.   The term "CUSTOMER'S CLAIM" means CUSTOMER'S request that PTSI and/or
20   PEGATRON defend or indemnify CUSTOMER for the INCIDENT, as alleged in paragraphs 8
21   and 12 of the COMPLAINT.

22   4.   The term "INCIDENT" means the publication of JANE DOE'S private information
23   without her consent on January 14, 2016, as described in paragraph 7 of the COMPLAINT.

24   5.   The term "JANE DOE" means the woman whose name is alleged must be kept
25   confidential and who suffered a publication of private information without her consent on January
26   14, 2016, as described in paragraph 7 of the COMPLAINT.

27   6.   The term "JANE DOE'S CLAIM" means any claim asserted by JANE DOE and/or
28   those acting on her behalf arising out of the INCIDENT.

1     7.     The term "PEGATRON" means Pegatron Corporation and its subsidiaries or

2  related companies ASUS Investment Co. Ltd., Asuspower Investment Co. Ltd and Asustek

3  Investment Co., Ltd.

4     8.     The term "PTSI" means Pegatron Technology Service, Inc.

5     9.     The term "SETTLEMENT AGREEMENT" means all documents comprising or

6  relating to any settlement, compromise and/or release of the claim made, whether approved by a

7  court or not.

8     10.    The term "THIRD PARTY VENDOR" means the company or companies, whose

9  name may be subject to the same confidentiality is alleged in the COMPLAINT as applying to

10  JANE DOE and CUSTOMER, that furnished PTSI or PEGATRON with workers who may have

11  been involved in the INCIDENT.

12                 **CATEGORIES OF EXAMINATION**

13     1.     ████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ████████████████████████.

16     2.     Notices by JANE DOE or on her behalf to CUSTOMER, THIRD PARTY

17  VENDOR, PTSI, PEGATRON and/or any other entity or person of the INCIDENT and/or JANE

18  DOE'S CLAIM, and any responses to such notices.

19     3.     PTSI'S, PEGATRON'S, CUSTOMER'S and/or THIRD PARTY VENDOR'S

20  investigation of the INCIDENT and/or JANE DOE'S CLAIM, and any actions taken as a result of

21  said investigation.

22     4.     PTSI'S, PEGATRON'S, CUSTOMER'S and/or THIRD PARTY VENDOR'S

23  involvement in the INCIDENT.

24     5.     CUSTOMER'S tender or notice of JANE DOE'S CLAIM to PTSI, PEGATRON,

25  THIRD PARTY VENDOR and/or any other entity or person, and any responses to such tender or

26  notice.

27     6.     The settlement of and the SETTLEMENT AGREEMENT regarding JANE DOE'S

28  CLAIM.

1      7.    CUSTOMER'S tender or notice of CUSTOMER'S CLAIM to PTSI, PEGATRON,

2    THIRD PARTY VENDOR and/or any other entity or person, and any response to such tender or

3    notice.

4      8.    The settlement of and the SETTLEMENT AGREEMENT regarding

5    CUSTOMER'S CLAIM.

6      9.    [REDACTED]

7    [REDACTED]

8      10.    [REDACTED]

9    [REDACTED]

10    [REDACTED]

11      11.    [REDACTED]

12    [REDACTED]

13    [REDACTED]

14    Dated: April 18, 2019             CLYDE & CO US LLP

By:   */s/ Susan Koehler Sullivan*
      Susan Koehler Sullivan
      Veena A. Mitchell
      Attorneys for Defendant
      AMERICAN GUARANTEE & LIABILITY
      INSURANCE COMPANY

DEFENDANT'S AMENDED NOTICE OF DEPOSITION OF [REDACTED]

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| PEGATRON TECHNOLOGY SERVICE, INC. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   5:18-cv-01477-LHK |
| ZURICH AMERICAN INSURANCE COMPANY, et al. | ) |
| | ) |
| *Defendant* | ) |

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Bell & Meyers, 2055 Junction Avenue, Suite 200, San Jose, California, 95131 | Date and Time: 05/14/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and by videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/18/2019

*CLERK OF COURT*

                                    OR

                                                      /s/ Susan Koehler Sullivan

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
|---|---|

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant American Guarantee & Liability Insurance Co.                , who issues or requests this subpoena, are:
Susan K. Sullivan, 355 S. Grand Avenue, Suite 1400, Los Angeles, CA 90071, susan.sullivan@clydeco.us, 213-358-7600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   5:18-cv-01477-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                   _____
                                              *Printed name and title*

                                   _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO SUBPOENA FOR DEPOSITION OF ▮▮▮▮▮▮▮

## DEFINITIONS RELATING TO CATEGORIES OF EXAMINATION

1.      The term "COMPLAINT" means the complaint in this lawsuit filed on December 27, 2017, in the Superior Court of the State of California in and for the County of Santa Clara, Case No. 15cv321098, and later removed on March 7, 2018, to the United States District Court for the Northern District of California, Case No. 5:18-cv-01477-LHK.  (Copy attached as Exhibit 1.)

2.      The term "CUSTOMER" means PTSI'S customer, whose name is alleged must be kept confidential, against which JANE DOE brought a claim due to the INCIDENT, as described in paragraph 7 of the COMPLAINT.

3.      The term "CUSTOMER'S CLAIM" means CUSTOMER'S request that PTSI and/or PEGATRON defend or indemnify CUSTOMER for the INCIDENT, as alleged in paragraphs 8 and 12 of the COMPLAINT.

4.      The term "INCIDENT" means the publication of JANE DOE'S private information without her consent on January 14, 2016, as described in paragraph 7 of the COMPLAINT.

5.      The term "JANE DOE" means the woman whose name is alleged must be kept confidential and who suffered a publication of private information without her consent on January 14, 2016, as described in paragraph 7 of the COMPLAINT.

6.      The term "JANE DOE'S CLAIM" means any claim asserted by JANE DOE and/or those acting on her behalf arising out of the INCIDENT.

7.      The term "PEGATRON" means Pegatron Corporation and its subsidiaries or related companies ASUS Investment Co. Ltd., Asuspower Investment Co. Ltd and Asustek Investment Co., Ltd.

8.      The term "PTSI" means Pegatron Technology Service, Inc.

9.      The term "SETTLEMENT AGREEMENT" means all documents comprising or relating to any settlement, compromise and/or release of the claim made, whether approved by a court or not.

10.     The term "THIRD PARTY VENDOR" means the company or companies, whose name may be subject to the same confidentiality is alleged in the COMPLAINT as applying to JANE DOE and CUSTOMER, that furnished PTSI or PEGATRON with workers who may have been involved in the INCIDENT.

## CATEGORIES OF EXAMINATION

1.     ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████

2.     Notices by JANE DOE or on her behalf to CUSTOMER, THIRD PARTY VENDOR, PTSI, PEGATRON and/or any other entity or person of the INCIDENT and/or JANE DOE'S CLAIM, and any responses to such notices.

3.     PTSI'S, PEGATRON'S, CUSTOMER'S and/or THIRD PARTY VENDOR'S investigation of the INCIDENT and/or JANE DOE'S CLAIM, and any actions taken as a result of said investigation.

4.     PTSI'S, PEGATRON'S, CUSTOMER'S and/or THIRD PARTY VENDOR'S involvement in the INCIDENT.

5.     CUSTOMER'S tender or notice of JANE DOE'S CLAIM to PTSI, PEGATRON, THIRD PARTY VENDOR and/or any other entity or person, and any responses to such tender or notice.

6.     The settlement of and the SETTLEMENT AGREEMENT regarding JANE DOE'S CLAIM.

7.     CUSTOMER'S tender or notice of CUSTOMER'S CLAIM to PTSI, PEGATRON, THIRD PARTY VENDOR and/or any other entity or person, and any response to such tender or notice.

8.     The settlement of and the SETTLEMENT AGREEMENT regarding CUSTOMER'S CLAIM.

9.     ████████████████████████████████████████████████████████
████████████████████████████████████████████████

10. 

11.

# EXHIBIT 1

ALEXANDER F. STUART- SBN 96141
ELLYN E. NESBIT- SBN 136398
SCOTT F. STUART- SBN 310710
**WILLOUGHBY, STUART, BENING & COOK**
50 W. San Fernando Street, Suite 400
San Jose, California 95113
Telephone: (408) 289-1972
Facsimile: (408) 295-6375
Email: alex@wsbclawyers.com

Attorneys for Plaintiff PEGATRON
TECHNOLOGY SERVICE, INC.

ENDORSED

2017 DEC 27 PM 2: 18

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
S/ Alvarez    DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

17CV321098

| | |
|---|---|
| PEGATRON TECHNOLOGY SERVICE, INC., an Indiana corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a New York corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Breach of Insurance Contract<br>2.  Insurance Bad Faith<br>3.  Equitable Subrogation, Contribution and Indemnity<br><br>**Unlimited Jurisdiction**<br><br>**JURY TRIAL DEMANDED**<br><br>BY FAX |

OMES NOW PLAINTIFF PEGATRON TECHNOLOGY SERVICE, INC., and for

causes of action against Defendants, and each of them, alleges as follows:

**PARTIES**

1.     Plaintiff Pegatron Technology Service, Inc. "(PTSI")" is, and at all relevant times

was, a corporation organized under the laws of the State of Indiana doing business as a

technology services company in the County of Sacramento.

2633.13164S

-1-

COMPLAINT FOR DAMAGES

2.      Plaintiff is informed and believes and thereon alleges that Defendant Zurich American Insurance Company ("Zurich") is, and at all relevant times was, a corporation organized under the laws of New York doing business as a property and casualty insurer in the Counties of Sacramento and Santa Clara.  Plaintiff is informed and believes and thereon alleges that Defendant Zurich is a member of the Zurich group of insurance companies.

3.      Plaintiff is informed and believes and thereon alleges that Defendant American Guarantee is, and at all relevant times was, a corporation organized under the laws of New York doing business as a property and casualty insurer in the Counties of Sacramento and Santa Clara. Plaintiff is informed and believes and thereon alleges that Defendant American Guarantee also is a member of the Zurich group of insurance companies.

4.      Plaintiff is ignorant of the true names and capacities of the persons sued as Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is a person or organization legally responsible for the losses and damages alleged in this Complaint, and Plaintiff reserves the right to amend this Complaint to set forth the trues names and capacities of the fictitiously named Defendants as they are ascertained.

5.      Plaintiff is informed and believes and thereon alleges that at all relevant times, each of the Defendants was an agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency with the permission and consent of its co-Defendants.

## VENUE

6.    The proper county for the trial of this action is the County of Santa Clara in that the subject matter of this dispute arises from liabilities Defendants were required to defend in part in the County of Santa Clara; and the Defendants do business in the County of Santa Clara.

## FACTUAL ALLEGATIONS

**A.      Underlying Claim**

7.      On or about January 14, 2016, a woman whose name is known to the Defendants but must be kept confidential in this pleading, suffered a publication of private information

2633.13164S

-2-

1    without her consent, resulting in a claim for personal injury against PTSI and a customer of PTSI

2    whose name is known to the Defendants but must also be kept confidential in this pleading.  For

3    purposes of this complaint, the woman shall be referred to as "Jane Doe," and the customer shall

4    be referred to as "Customer."

5          **B.**     <u>Customer's Tender of Defense to PTSI</u>

6          **8.**     In or about February 2016, Customer tendered its defense and indemnity to PTSI

7    under the terms of various service contracts between Customer and PTSI.  Customer asserted that

8    PTSI had a duty to defend and indemnify Customer against Jane Doe's claim for personal injury

9    because it arose from services that PTSI had contracted to perform for Customer.

10         **C.**     <u>PTSI's Liability Policies with Zurich and American Guarantee</u>

11         **9.**     At the time of the underlying personal injury and subsequent claims, PTSI had in

12    effect three policies of liability insurance providing coverage for claims like those brought against

13    PTSI by Jane Doe and Customer.  Two policies were issued by Zurich to PTSI as named insured.

14    One was issued by American Guarantee to PTSI as named insured.

15         **10.**     The Zurich policies were (a) a commercial general liability policy bearing policy

16    no. CPO 0181954-00, and (b) a private company select policy bearing policy no. MPL 0140518-

17    01.  The American Guarantee policy was a commercial umbrella liability policy bearing policy

18    no. AUC 0181968-00.  The commercial general liability policy provided coverage up to $1

19    million per personal injury offense; the private company select policy provided coverage up to $1

20    million per claim; the commercial umbrella liability policy provided coverage up to $10 million

21    per personal injury offense.

22         **D.**     <u>Tender of Defense to Zurich and American Guarantee</u>

23         **11.**     Shortly following Customer's tender of defense, PTSI tendered its own defense

24    (including the obligation to defend and indemnify Customer) to Zurich and American Guarantee.

25    On or about March 28, 2016, Zurich wrongfully denied defense and coverage under its private

26    company select policy, and on or about April 7, 2016, Zurich wrongfully denied defense and

27    coverage under its commercial general liability policy.. On or about April 27, 2016, American

28    Guarantee wrongfully denied defense and coverage under its commercial umbrella liability

WILLOUGHBY, STUART, BENING & COOK

1   policy. The wrongful denials constitute breaches of the duty to defend and indemnify owed by

2   each insurer under their respective policies.

3         E.        <u>Customer's Settlements with Jane Doe and PTSI</u>

4         12.    On or about June 13, 2016, Customer entered into a settlement agreement with

5   Jane Doe following a binding mediation of Jane Doe's claim which occurred on March 22, 2016,

6   and during which the mediator had made a binding determination of the amount of Jane Doe's

7   damages. In conjunction with the settlement, Customer demanded that PTSI provide full

8   indemnification of the settlement amount.

9         13.    On or about July 15, 2016, PTSI entered into a settlement agreement with

10  Customer by which PTSI promised to indemnify Customer against the obligation to pay the

11  settlement amount to Jane Doe, and in exchange for which Customer agreed to waive its right to

12  reimbursement of attorney's fees and costs incurred by Customer in the defense of Jane Doe's

13  claim.

14        F.        <u>Zurich and American Guarantee Reaffirm Denials of Coverage</u>

15        14.    Following the settlements with Jane Doe and Customer, Zurich and American

16  Guarantee each reaffirmed their denials of coverage, claiming there was no duty to defend or

17  indemnify PTSI against any of the claims Jane Doe or Customer alleged.

18        G.        <u>Assignment of Rights from Chubb</u>

19        15.    At the time of the underlying personal injury, PTSI also had in effect a policy of

20  commercial umbrella liability insurance with Insurance Company of North America, a member of

21  the Chubb group of insurance companies. For purposes of this complaint, Insurance Company of

22  North America shall be referred to as Chubb. The policy was excess to all policies of liability

23  insurance available to PTSI as a named insured.

24        16.    On or about September 15, 2017, following a mediation with Chubb, PTSI entered

25  into an agreement with Chubb by which PTSI and Chubb mutually released each other, and by

26  which Chubb assigned to PTSI all of its rights to recover amounts expended in defense and/or

27  indemnification of PTSI.

28

WILLOUGHBY, STUART, BENING & COOK

**H.**   **Amounts in Controversy**

17.   The amounts PTSI seeks from Zurich and American Guarantee are within the unlimited jurisdiction of the Superior Court.

### FIRST CAUSE OF ACTION
(Breach of Insurance Contract against All Defendants)

18.   Plaintiff PTSI realleges and incorporates by reference each and every allegation of paragraphs 1 through 17, above, as though fully set forth herein.

19.   Plaintiff has satisfied all the conditions of the Zurich and American Guarantee policies to receive full benefits due, excepting only those conditions which are excused by Defendants' breaches of duty as more specifically alleged above.

20.   Defendants, and each of them, have breached their contractual obligations to Plaintiff by wrongfully refusing to defend and indemnify Jane Doe's claim, which was potentially covered by each of their policies and actually covered by each of their policies.

21.   As a direct and proximate result of Defendants' breaches of their contractual obligations, Plaintiff has suffered damages in an amount to be proved at the time of trial.

WHEREFORE, Plaintiff s pray for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Insurance Bad Faith against All Defendants)

22.   Plaintiff PTSI realleges and incorporates by reference each and every allegation of paragraphs 1 through 21, above, as though fully set forth herein.

23.   Each of the Defendants' policies contains an implied covenant of good faith and fair dealing, whereby Defendants agreed to act in good faith and deal fairly with Plaintiffs, and to refrain from taking any action which would interfere with Plaintiff's rights under the policies.

24.   Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff by unreasonably, oppressively, and without proper cause: (a) withholding benefits due under the policies; (b) engaging in a self-serving interpretation of the policies' coverage; (c) engaging in a self-serving interpretation of the facts to support their

2633.13164S                               - 5 -

WILLOUGHBY, STUART, BENING & COOK

1 · denials of defense and indemnity; (d) forcing Plaintiff to incur expenses to perform Defendants'

2 own duties of investigation; and (e) forcing Plaintiff to institute litigation to recover amounts due

3 under the policies.

4      25.    As a direct and proximate result of Defendants' breach of the implied covenant of

5 good faith and fair dealing, Plaintiff has suffered damages in an amount to be proved at the time

6 of trial.

7      26.    As a further direct and proximate result of Defendants' breach of the implied

8 covenant of good faith and fair dealing, Plaintiff has been compelled to incur attorney's fees and

9 other expenses to pursue its right to insurance benefits under the policies, causing Plaintiff to

10 suffer further loss in an amount to be proved at the time of trial.

11      27.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of

12 them, intentionally engaged in a course of conduct which was intended or expected to injure

13 Plaintiff, in conscious disregard of Plaintiff's right to receive the insurance benefits due under the

14 policies as alleged in this complaint. Plaintiff is informed and believes and thereon alleges that

15 these acts were willful, despicable, oppressive and/or fraudulent as contemplated by California

16 Civil Code section 3294, and that all were done with the knowledge, approval and ratification of

17 Defendants, and each of them, by or through their managerial agents. In order to deter such

18 conduct by Defendants, and each of them, in the future, and to prevent repetition of such conduct

19 as a practice, Plaintiff prays for exemplary and punitive damages.

20       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

21                      **THIRD CAUSE OF ACTION**

22    **(Equitable Contribution, Subrogation and Indemnity against All Defendants)**

23      28.    Plaintiff PTSI realleges and incorporates by reference each and every allegation of

24 paragraphs 1 through 27, above, as though fully set forth herein.

25      29. .    Chubb has assigned to PTSI all of its rights to pursue equitable subrogation,

26 contribution and/or indemnity against Defendants, and each of them, with respect to defense and

27 indemnification of Jane Doe's and Customer's claims.

28

2633.13164S                -6-

WILLOUGHBY, STUART, BENING & COOK

30.   As assignee of Chubb's rights, PTSI seeks reimbursement of amounts Chubb has paid in defense and/or indemnification of PTSI.

31.   Zurich and American Guarantee owed a primary obligation to defend and indemnify PTSI; Chubb's obligations were excess to those of Zurich and American Guarantee.

32.   By reason of the wrongful failure of Zurich and American Guarantee to defend and indemnify PTSI against the claims of Jane Doe and Customer, PTSI, as Chubb's assignee, has been damaged in an amount to be proved at the time of trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

### PRAYER

Plaintiff PTSI prays for judgment against Defendants, and each of them, as follows:

1.   For contract benefits within the unlimited jurisdiction of the Superior Court in an amount to be proved at trial;

2.   For attorney's fees and other expenses incurred to obtain benefits wrongfully denied under the Zurich and American Guarantee policies;

3.   For punitive damages in an amount to punish or make an example of Defendants' conduct;

4.   For prejudgment and post-judgment interest allowed by law;

5.   For equitable subrogation, contribution and indemnity of amounts paid by Chubb in defense and/or indemnification of PTSI;

6.   For costs of suit incurred herein; and

7.   For such other and further relief as the Court deems just and proper.

Dated: December 27, 2017          WILLOUGHBY, STUART, BENING & COOK

                                  By: _____
                                      ALEXANDER F. STUART
                                      Attorneys for Plaintiff
                                      PEGATRON TECHNOLOGY SERVICE,
                                      INC.

2633.13164S                       -7-

WILLOUGHBY, STUART, BENING & COOK

## DEMAND FOR JURY TRIAL

Plaintiff PEGATRON TEHCNOLOGY SERVICE, INC. hereby demands a trial by jury in this action.

Dated: December 27, 2017

WILLOUGHBY, STUART, BENING & COOK

By: _____
ALEXANDER F. STUART
Attorneys for Plaintiff
PEGATRON TECHNOLOGY SERVICE, INC.

2633.13164S

- 8 -

COMPLAINT FOR DAMAGES

1

## CERTIFICATE OF SERVICE

2

3

### *Pegatron Technology v. Zurich American Ins, Co., et al.*
### USDC Case No. 5:18-cv-01477-LHK

4

### [Removed from State Court Case No. 17CV321098]

5

6

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is CLYDE & CO US LLP, 101 Second Street, 24th Floor, San Francisco, California 94105.

7

On **April 18, 2019**, I served the within document(s):

8

**DEFENDANT AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY'S AMENDED NOTICE OF DEPOSITION OF** ▮▮▮▮▮▮

9

10

11

☐    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

12

13

☑    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

14

15

☐    PERSONAL SERVICE - by personally causing the delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

16

17

☐    ELECTRONIC – by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below.

18

19

20

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via FEDERAL EXPRESS.

21

22

23

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

24

25

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26

Executed on **April 18, 2019**, at San Francisco, California.

27

28

_____
Marion Tate

4370652

1

Case No. 5:18-cv-01477-LHK

1

2

3

4

## SERVICE LIST

### *Pegatron Technology v. Zurich American Ins. Co., et al.*
**USDC Case No. 5:18-cv-01477-LHK**

**[Removed from State Court Case No. 17CV321098]**

5

6

7

8

9

| | |
|---|---|
| Alexander F. Stuart | Attorney for Plaintiff |
| Ellyn E. Nesbit | PEGATRON TECHNOLOGY SERVICE, INC. |
| Scott F. Stuart | |
| WILLOUGHBY, STUART, | Telephone:   (408) 289-1972 |
| BENING & COOK | Facsimile:   (408) 295-6375 |
| 50 W. San Fernando Street, Suite 400 | Email:   alex@wsbclawyers.com |
| San Jose, California  95113 | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1 │ SUSAN KOEHLER SULLIVAN, State Bar No. 156418
*susan.sullivan@clydeco.us*
2 │ VEENA A. MITCHELL, State Bar No. 161153
*veena.mitchell@clydeco.us*
3 │ CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
4 │ Los Angeles, CA 90071
Telephone:   (213) 358-7600
5 │ Facsimile:   (213) 358-7699

6 │ Attorneys for Defendant
AMERICAN GUARANTEE & LIABILITY
7 │ INSURANCE COMPANY

8 │ **UNITED STATES DISTRICT COURT**

9 │ **NORTHERN DISTRICT OF CALIFORNIA**

10 │

11 │ PEGATRON TECHNOLOGY SERVICE, INC., an Indiana corporation,

Case No. 5:18-cv-01477-LHK

12 │

13 │        Plaintiff,

**DEFENDANT AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY'S AMENDED NOTICE OF DEPOSITION OF** ▇▇▇▇▇▇▇

14 │     v.

15 │ ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; AMERICAN GUARANTEE & LIABILITY
16 │ INSURANCE COMPANY, a New York corporation; and DOES 1 through 100,
17 │ inclusive,

18 │        Defendants.

19 │

20 │

21 │ **TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

22 │     PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil

23 │ Procedure, Defendant American Guarantee & Liability Insurance Company, by and through its

24 │ attorneys of record, will take the deposition upon oral examination of ▇▇▇▇▇▇▇▇▇

▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The

26 │ deposition will be taken at Bell & Meyers, 2055 Junction Avenue, Suite 200, San Jose, California

27 │ 95131, commencing at 9:00 a.m. on May 14, 2019.

28 │ / / /

1    PLEASE TAKE FURTHER NOTICE that the deposing party intends to cause the

2  proceedings to be recorded both stenographically, including by the instant display of testimony,

3  before a certified court reporter, and by videotape.  The deposing party specifically reserves the

4  right to use the videotape at the time of trial.  Deponent is not a party to this action and is being

5  deposed pursuant to subpoena.  A copy of the amended deposition subpoena is attached hereto.

6  Dated: April 18, 2019                    CLYDE & CO US LLP

7

8                                      By:   */s/ Susan Koehler Sullivan*

9                                            Susan Koehler Sullivan
                                             Veena A. Mitchell
10                                           Attorneys for Defendant
                                             AMERICAN GUARANTEE & LIABILITY
11                                           INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| PEGATRON TECHNOLOGY SERVICE, INC. | ) |
| *Plaintiff* | ) |
| v. | ) |
| ZURICH AMERICAN INSURANCE COMPANY, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   5:18-cv-01477-LHK

### AMENDED   SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   ████  ████████████████████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Bell & Meyers, 2055 Junction Avenue, Suite 200, San Jose, California, 95131 | Date and Time:  05/14/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and by videotape

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/18/2019

*CLERK OF COURT*

OR

| | /s/ Susan Koehler Sullivan |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   **Defendant** American Guarantee & Liability Insurance Co.                       , who issues or requests this subpoena, are:
Susan K. Sullivan, 355 S. Grand Avenue, Suite 1400, Los Angeles, CA  90071, susan.sullivan@clydeco.us, 213-358-7600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   5:18-cv-01477-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                   _____
                                            *Printed name and title*

                                   _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**CERTIFICATE OF SERVICE**

*Pegatron Technology v. Zurich American Ins. Co., et al.*
**USDC Case No. 5:18-cv-01477-LHK**

**[Removed from State Court Case No. 17CV321098]**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is CLYDE & CO US LLP, 101 Second Street, 24th Floor, San Francisco, California 94105.

On **April 18, 2019**, I served the within document(s):

**DEFENDANT AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY'S AMENDED NOTICE OF DEPOSITION OF** ▮▮▮▮▮▮▮▮

☐  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☑  **MAIL** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐  **PERSONAL SERVICE** - by personally causing the delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

☐  **ELECTRONIC** – by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below.

☐  **OVERNIGHT COURIER** - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via FEDERAL EXPRESS.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 18, 2019**, at San Francisco, California.

_____
Marion Tate

4370652                                       1                           Case No. 5:18-cv-01477-LHK

<strong><u>SERVICE LIST</u></strong>

<strong><em><u>Pegatron Technology v. Zurich American Ins, Co., et al.</u></em></strong><br>
<strong>USDC Case No. 5:18-cv-01477-LHK</strong>

<strong>[Removed from State Court Case No. 17CV321098]</strong>

| | |
|---|---|
| Alexander F. Stuart | Attorney for Plaintiff |
| Ellyn E. Nesbit | PEGATRON TECHNOLOGY SERVICE, INC. |
| Scott F. Stuart | |
| WILLOUGHBY, STUART, | Telephone:    (408) 289-1972 |
|   BENING & COOK | Facsimile:    (408) 295-6375 |
| 50 W. San Fernando Street, Suite 400 | Email:    alex@wsbclawyers.com |
| San Jose, California  95113 | |