UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEGATRON TECHNOLOGY SERVICE INC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE & LIABILITY INS. CO., <br><br> Defendant. | Case No. 18-cv-01477-LHK (VKD) <br><br> **ORDER RE DISCOVERY DISPUTE RE DEFENDANT AGLIC'S DEPOSITION SUBPOENAS TO NON-PARTY CUSTOMER** <br><br> Re: Dkt. No. 48 |

Non-party Customer[1] moves to quash two depositions subpoenas served by defendant American Guarantee & Liability Ins. Co. ("AGLIC"). Dkt. No. 48. The Court conducted a hearing regarding the dispute on May 10, 2019. Dkt. No. 55.

As the Court explained on the record, the deposition discovery AGLIC seeks from Customer is, on the whole, relevant to plaintiff Pegatron Technology Service, Inc.'s ("PTSI") claims and AGLIC's defenses, and proportional to the needs of the case as framed by those claims and defenses. *See, e.g.*, Dkt. No. 1-1 (describing Customer's role in the events giving rise to this action).[2] In this respect, AGLIC's proposed discovery of Customer is distinguishable from the cases on which Customer relies in which the deposition subpoena was extremely broad or where the relevance and value of the subpoenaed testimony was questionable. *See, e.g.*, *Straight Path IP*

---

[1] The parties have agreed to keep Customer's identity confidential, and Customer has filed an administrative motion to seal its identity and other information (Dkt. No. 46). That administrative motion will be addressed in a separate order.

[2] At the hearing, AGLIC informed the Court that PTSI identified Customer's in-house counsel in PTSI's Rule 26(a)(1)(A)(i) initial disclosures as an individual likely to possess discoverable information that may be used to support PTSI's claims.

*Group, Inc. v. Blackberry Ltd.*, No. C14-80150 WHA, 2014 WL 3401723 at *8–9 (N.D. Cal. July 8, 2014) (quashing third-party deposition subpoena with 47 "massively overbroad" topics); *Academy of Motion Picture Arts and Sciences v. GoDaddy.com*, C 12-80192 EJD (PSG), 2012 WL 12898829, at *3 (N.D. Cal. Oct. 19, 2012) (quashing third-party deposition subpoena because, among other reasons, the discovery sought was not relevant and was redundant of party discovery).

The Court has considered the burden Customer says it will suffer if required to prepare and produce its in-house counsel for deposition, but the Court concludes that that burden is not undue, particularly in view of the following constraints that the Court imposes on AGLIC's depositions of Customer and Customer's in-house counsel:

1. Unless the AGLIC and Customer agree otherwise, AGLIC will take the Rule 30(b)(6) deposition of Customer and the individual deposition of Customer's in-house counsel on a single day on May 14, 2019.[3] The total deposition time for both depositions together will be no more than seven hours on the record.

2. AGLIC may not inquire regarding Topic 9 in the Rule 30(b)(6) notice (Dkt. No. 49, Ex. 1 at 4), as that information is discoverable directly from plaintiff PTSI.

3. The Court expects AGLIC to avoid questioning of Customer and Customer's in-house counsel that duplicates discovery already obtained from PTSI; however, AGLIC may question Customer and Customer's in-house counsel about matters as to which there may be a dispute of fact as between Customer and PTSI.

The Court has also considered Customer's objection that, by virtue of her role as an attorney for Customer, Customer's in-house counsel may not be able to answer some questions posed to her if the questions seek information protected from disclosure by the attorney-client privilege. The Court concludes that given the role Customer's in-house counsel played in the events underlying the dispute in this action, this objection is best handled on a question-by-question basis during the deposition. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981)

---

[3] Customer advised the Court that it expects that Customer's in-house counsel will also be Customer's Rule 30(b)(6) designee.

2

("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]").

**IT IS SO ORDERED.**

Dated: May 10, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge