UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEGATRON TECHNOLOGY SERVICE INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE & LIABILITY INS. CO.,<br><br>Defendant. | Case No. 18-cv-01477-LHK (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 46 |

Non-party Customer has filed an administrative motion to seal portions of the joint discovery dispute made by Customer and defendant American Guarantee & Liability Ins. Co. ("AGLIC"). AGLIC did not oppose the request. Customer asks the Court to seal its identity, the identity of its in-house counsel, and the identities of Jane Doe and Third Party Vendor, as well as other material in the joint submission that references a confidential settlement agreement that underlies the dispute in this action. *See* Dkt. No. 46 at 2.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c). *Id*. at 1098–99; *Kamakana*, 447 F.3d at

1179–80.

Customer's motion to seal concerns matters that are before the Court in connection with a discovery dispute. The underlying submission does not concern the merits of the parties' claims or defenses, but rather whether Customer and its in-house counsel must provide deposition testimony in response to AGLIC's subpoenas. The material to be sealed is only tangentially related to the merits of the case. The Court therefore applies the "good cause" standard of Rule 26(c).

While Customer has demonstrated good cause to seal the portions of the discovery dispute submission that describe the settlement agreement and the events leading up to that agreement, the Court questions whether the identities of Customer, its in-house counsel, and Third Party Vendor are the kind of information that merit sealing. However, the Court accepts for purposes of this motion Customer's representation that the contractual confidentiality obligations on which it principally relies for its motion to seal these identities are intended to protect the privacy and other interests of non-party Jane Doe in addition to the interests of other parties to the confidential agreement. On this basis, the Court concludes that Customer has shown good cause to seal the materials identified in its administrative motion.

Accordingly, the Court grants Customer's administrative motion and finds that the following materials may be filed under seal.

| Document | Portion to Be Filed Under Seal |
|---|---|
| Joint Discovery Letter (Dkt. No. 48) | Highlighted portions on pages 4-8 |
| Exhibit 1 to Joint Discovery Letter | Highlighted portions on pages 2-6, 9-11, and 21 |
| Exhibit 2 to Joint Discovery Letter | Highlighted portions on pages 2-4 and 7 |

**IT IS SO ORDERED.**

Dated: May 13, 2019



VIRGINIA K. DEMARCHI
United States Magistrate Judge